Proceeding by the State of Florida, on the relation of the Reynolds Construction Company, Inc., and the Home Sweet Home Operating Company, Florida corporations, for writ of prohibition against the Honorable Norman Hendry, as Judge of the Civil Court of Record, Dade County, Fla., and B.H. Stevenson.
Petition denied.
The respondent Stevenson, as plaintiff below, filed in the Civil Court of Record his petition entitled "Petition for Enforcement of Lien."
On November 3, 1948, a "Summons to Show Cause" was issued by the clerk, returnable within five (5) days from date thereof, requiring the defendants (petitioners here) "to show cause * * * why said claim should not be paid." The "summons" was served on November 5, 1948.
On November 8, 1948, the defendants (petitioners here) filed a "Motion to Quash Summons" upon the following grounds:
"That said summons was dated November 3, 1948, and was served at 4:30 o'clock P.M. on November 5, 1948, on an officer of this corporation and that between the day of the service of the summons and the return day thereof there is not five (5) days as required by Section 86.06, F.S.A; that said summons was served at the close of the business day on Friday, November 5, 1948, and that between the date of service of the same and the return day there were two non-working days, namely, Saturday and Sunday, November 6 and 7, 1948."
Also on November 8, 1948, the defendant filed a "Motion to Quash Petition."
Also, on November 8, 1948, defendants filed an "Affidavit of Defense."
On November 8, 1948, plaintiff Stevenson filed a "Praecipe for Default" in event the defendants failed: "* * * to file a Motion to Quash or to file an affidavit denying the facts on which the summons herein was issued on this the return day of the summons in accordance with Paragraph `4' of Section 86.06 of the Florida Statutes."
On November 22, 1948, the trial court adjudicated as follows:
"Considered, ordered and adjudged that the Motion to Quash the Petition filed by the Defendant, Reynolds Construction Company, Inc., be and the same is hereby denied and,
"Counsel for said defendant having stated to the Court that he abandoned the Motion to Quash the Summons it is,
"Further ordered and adjudged that the Motion to Quash the Summons be and the same is hereby denied and it is,
"Further ordered and adjudged that this cause be and the same is hereby set down for trial upon the Affidavit of Defense filed by the Defendant, Reynolds Construction Company, Inc., and the Affidavit of Traverse filed by the Home Sweet Home Operating Co., at the hour of 10:00 A.M. on Monday, the 29th day of November, A.D., 1948."
After the foregoing proceedings had been had, the defendants, Reynolds Construction Co., Inc., and Home Sweet Home Operating Co., petitioned this Court for a Writ of Prohibition. *Page 905 
Respecting the use of prohibition, this Court, in the Lorenzo-Murphy case, cited with approval the prior holdings, to-wit:
"In the case of Peacock, County Judge, et al. v. Miller, decided February 28, 1936, as reported in 123 Fla. 97,166 So. 212, this court held: `Prohibition does not lie to prevent or correct commission of errors on part of court that is proceeding within its jurisdiction.'" Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421, 432.
And also:
"In the case of Adams et ux. v. Lewis et al., decided February 18, 1941, as reported in 146 Fla. 177, 200 So. 852, 853, this Court, speaking through Mr. Justice Elwyn Thomas, said: `* * * proceedings in prohibition should be restricted to the field for which they were meant and not become a vehicle for the determination of questions involving the correct or incorrect decisions of another court in matters in which that court has the authority to act.'"
It affirmatively appears that the trial court had jurisdiction over a case of the class then before it and over the parties to the proceedings and that the jurisdiction of the Civil Court of Record has been invoked. The trial court has jurisdiction to proceed, and such errors as may actually occur may be reviewed only in the ordinary and regular manner. Jurisdiction naturally includes the power to err, which of course is not to be anticipated, but, even if correctly anticipated, neither the mere fear of error nor reasonable certainty of error nor actual error will impair jurisdiction.
The petition for prohibition is denied.
THOMAS, C.J., and ADAMS and HOBSON, JJ., concur.
 NOTES BY MR. JUSTICE BARNS.
In passing, without deciding, and as obiter dicta, some further observations will be made. Both respondents and petitioners have at times, according to the record, assumed that the plaintiffs' claim was governed by Section 86.06, F.S. 1941, F.S.A., which section has to do with the enforcement of a lien "for labor performed" when the claim before the trial court in the case in controversy relates to a lien "for work, labor and materials performed and furnished." The statutory provisions relating to a claimants' pleadings in the enforcement of labor liens are:
 "86.06 Summary proceeding
"By any person claiming a lien for labor performed, his legal representative, agent or assign making or filing in the court having jurisdiction of the amount of the lien claimed, a petition under oath describing the premises or property on which a lien is claimed and stating the facts which authorize or create the lien.
"(1) Petition for enforcement of lien. — Upon filing such petition the clerk of such court, or judge thereof, shall issue a summons describing the premises or property on which the lien is claimed, the amount of such lien and requiring the person against whom such lien is claimed forthwith to pay such claim or to show cause before such court within five days why such claim should not be paid. Such summons shall be served forthwith by the sheriff of the county in the manner providing for serving of summons ad respondendum." Sec. 86.06, F.S. 1941, F.S.A.
The statutory provision relating to a defendant's pleadings in the enforcement of a lien for labor and material (under 85.25, F.S. 1941, F.S.A.) by action at law is as follows:
 "86.05 Special proceeding at law
"By a suit at law in which the declaration shall state the manner in which the lien arose, the amount for which the lien is held, the description of the property, and a prayer that the property be sold to satisfy the lien. In such suit the judgment for the plaintiff shall be a personal judgment against the defendant as well as declare the lien upon the property describing it and shall direct execution against such property, as well as against the property generally of the defendant." Sec. 86.05, F.S. 1941, F.S.A.
Under other parts of Section 86.06, F.S. 1941, F.S.A., relating to the enforcement of labor liens only, motions to quash are provided in lieu of demurrer and traverses by affidavit instead of pleas, deposits for jury trial, etc. *Page 906 
Under 86.05, supra, the following sections appear applicable, to-wit:
 "86.12 Process, when returnable; pleas, when filed
"All process except in circuit court need not be returned to a rule day, but to any day fixed by the court which will allow ten days after service for such return. The pleas of defendants shall be filed upon return day of the writ."
 "86.13 Time of trials
"In any of the suits at law provided for in §§ 86.04 and 86.05, a trial may be had at any time after five days from the filing of the pleas of the defendant. Upon the written request of either party, the judge of the court in which the suit is pending shall fix the day of such trial, and upon like request, order the executive officer of his court to summons from the body of the county a jury to try the issues."
 Secs. 86.12, 86.13, F.S. 1941, F.S.A.
Whether claimant's petition may be considered a declaration and whether the defendants may have the right to file pleas would seem to depend upon whether the "petition" of plaintiff-respondent meets the requirements of Section 86.05, supra, and whether or not he wishes to include a claim for material. Of course, after plaintiff has clearly made an election, all questions of appropriate pleadings by the defendant will become more evident.