316 So.2d 552 (1975)
Kenneth Tyrone SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 46168.
Supreme Court of Florida.
July 2, 1975.
Phillip A. Hubbart, Public Defender, Roy S. Wood, Jr., and William Clay, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
This cause is before us on direct appeal from judgment of the trial court adjudicating defendant guilty of murder in the first degree and assault with intent to commit murder and holding Section 39.02(6)(a), (b), (c), Florida Statutes, to be constitutional. We have jurisdiction pursuant to Article V, Section 3(b)(1), Constitution of Florida (1973).
Appellant was charged by indictment filed September 18, 1973, with first degree murder in that from premeditated design to effect death he did kill Jonathan Flores by shooting him with a pistol and with assault with intent to commit murder in the first degree in that he feloniously assaulted Rocky Hunt with a deadly weapon (a pistol) with intent to commit first degree murder. Appellant was 15 years of age when he committed these crimes. On October 13, 1973, he filed a motion to dismiss the indictment in which he alleged that he was arrested on July 14, 1973, for the afore-stated crimes; that on this same date a petition for delinquency was filed with the Circuit Court which petition alleged the foregoing crimes and recited the State's request that the Court waive its juvenile jurisdiction and certify the case for trial as if the child were an adult; that he contested waiver and a "waiver hearing" was held on September 12, 1973, pursuant to Florida Statutes 39.09(2), after which the trial judge issued its order denying the State's motion for waiver of juvenile jurisdiction; that he, thereafter, changed his pleas to guilty as to both counts; that on September 19, 1973, the court adjudicated him a delinquent child and committed him to the Division of Youth Services; and that the criminal proceedings were barred by the juvenile court proceedings. This motion to dismiss was denied by the trial judge who determined that under the provisions of Florida Statutes 39.09(2), the Grand Jury is not deprived of jurisdiction over a juvenile if it does not act within 14 days of the juvenile's apprehension; that the juvenile court lost jurisdiction upon indictment by the Grand Jury; that the State's Attorney did not divest the Grand Jury of jurisdiction by any waiver; and that under the law of Florida (State v. REF, Fla.App., 251 So.2d 672), there is no double jeopardy and no fundamental unfairness in the procedure utilized in this case. Appellant filed another motion to dismiss on December *553 3, 1973, wherein he alleged double jeopardy, and argued the unconstitutionality of Florida Statutes 39.02(6)(a), (b), (c) as applied. This motion was denied by order of the trial court stating:
"1. That the instant prosecution is not barred by the Double Jeopardy Clause of the 5th Amendment to the U.S. Constitution and of Article I, Section 9 of the Florida Constitution (1968).
"2. That Article I, Section 15 of the Florida Constitution (1968) is hereby construed and interpreted not to be a recognition by the State of Florida that jeopardy attaches to a juvenile proceeding and consequently Article I, Section 15 is not authority for the preclusion of this prosecution.
"3. That Florida Statutes, Section 39.02(6)(a)(b)(c), as applied to the facts of this case, is not unconstitutional as being in conflict with the Double Jeopardy Clauses of the 5th Amendment to the U.S. Constitution and Article I, Section 15 of the Florida Constitution (1968), the Due Process Clause and Fundamental Fairness Concept of the 14th Amendment to the U.S. Constitution and the equal protection clause of the 14th Amendment.
"4. That Florida Statute Section 39.02(6)(a)(b)(c) as applied to this case, is not invalid as contrary to Rules 8.100(c) and 8.110(b) of the Florida Rules of Juvenile Procedure and does not contravene the rule making power of the Florida Supreme Court."
On March 28, 1974, appellant filed a motion for continuance which, as appears from the transcript on the motion to discharge, was granted. Subsequently, on May 20, 1974, appellant filed a motion to discharge pursuant to F.R.Cr.P. 3.191 (Speedy Trial), hearing was held on this motion, the transcript of which evidences, inter alia, that the defense sought a continuance from April 8, 1974 to May 20, 1974. The motion for discharge did not allege that defendant has been continuously available for trial throughout the 180 day period. [Note: Appellant sought prohibition in the Supreme Court which was denied in December, 1973.] Apparently appellant had requested a continuance until this Court had an opportunity to rule on the petition for writ of prohibition. In denying the motion for discharge on May 20, 1974, the court stated:
"The court is of the opinion that contrary to the allegations and motions by the defendant, the defendant has not been available for trial during the entire time submitted by defense. Further the court is of the opinion that the delay in the trial of this case has been attributable to the unexcused action or the unexcused decision of the accused or his counsel, which is the same thing."
Jury trial, commenced May 20, 1974, concluded with the return of verdicts finding defendant guilty of murder in the first degree for which he was sentenced by the trial judge to life imprisonment and guilty of assault with intent to commit murder for which he was sentenced to ten years imprisonment.
The thrust of the appeal is that the indictment, trial, and conviction of the appellant-defendant was barred by Article I, Section 9, Constitution of Florida (1968) and the Fifth Amendment to the Constitution of the United States. The record is clear that the juvenile court had taken jurisdiction and entered upon the taking of testimony. The Attorney General forth-rightly announced at the bar of Court that the question had been settled adversely to the State by the Supreme Court of the United States in Breed v. Jones, 1975, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346, that said:
"We therefore conclude that respondent was put in jeopardy at the adjudicatory hearing. Jeopardy attached when respondent was `put to trial before the trier of the facts.' ibid., that is, when the *554 Juvenile Court, as the trier of the facts, began to hear evidence. See Serfass v. United States, 420 U.S. [377], at 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975)."
and accordingly confessed error on the part of the State. We have examined the decision in the Breed case and under the clear command of the Supreme Court of the United States in that decision, we are mandated to agree with and approve the confession of error by the State.
Therefore, the decision sub judice is reversed and remanded with directions for further proceedings not inconsistent with this decision nor the decision of the Supreme Court of the United States in Breed v. Jones, supra.
It is so ordered.
ADKINS, C.J., BOYD, OVERTON, ENGLAND and SUNDBERG, JJ., and DREW (Retired) J., concur.