ALDERMAN, JAMES E., Associate Judge.
The State of Florida filed separate appeals from Orders dismissing Grand Jury indictments against Appellees, Brian Lee Meagher and Samuel Will Potter. These appeals have been consolidated.
Appellee Meagher, a 17 year old juvenile, was taken into custody on February 5, 1975, charged with Robbery and Assault and Battery. Delinquency Petition was filed against him in the Juvenile Division of the Circuit Court of Seminole County on February 7, 1975. On February 13, 1975, the State filed notice of its intention to present his case to the Grand Jury. On February 21, 1975, the Grand Jury of Seminole County indicted Meagher for Robbery.
Appellee Potter, also a 17 year old juvenile was taken into custody on January 30, 1975, charged with Robbery and Possession of a Controlled Substance. Delinquency Petition was filed against him in the Juvenile Division of the Circuit Court of Seminole County on January 31, 1975. On February 13, 1975, the State filed notice of its intention to present his case to the Grand Jury. On February 21, 1975, the Grand Jury of Seminole County indicted Potter for Robbery.
Appellees moved to dismiss the indictments upon the ground that Section 39.-02(5) (c), Florida Statutes, allows the State only fourteen days after a child is taken into custody in which to obtain an indictment.[1] The Court below granted the motions and returned Meagher and Potter to the Juvenile Division, after concluding that “ . . . the legislature intended a fourteen-day period, beginning with the time a child is taken into custody within which a Grand Jury must indict if it is to indict a juvenile at all.” We respectfully disagree, and reverse.
The Trial Judge interpreted the following language of the Statute:
“ . . . should the grand jury fail to act within the fourteen-day period, the court may proceed as otherwise required by law.”
to mean that the Grand Jury could not indict after the fourteen-day period. He further was of the opinion that the Court could proceed only as otherwise" required by the Juvenile Laws of the State of Florida.
We believe that the word “may” as used above is permissive rather than mandatory. Harper v. State, Fla., 4 DCA, 217 So.2d 591 (1968); Fixel v. Clevenger, Fla., 3 DCA, 285 So.2d 687 (1973). When read with this connotation, the intent of Section 39.02(5) (c) is clear. In any case where a child is charged with a violation of Florida law punishable by death or by life imprisonment, the State has fourteen days to in- *28 diet before there can be an adjudicatory-hearing in the Juvenile Court. The only exception is when the State Attorney advises the Court in writing that he does not intend to present the case to the Grand Jury or that he has presented it and the Grand Jury has declined to return an indictment. This procedure prevents the so called “race to the courthouse”, where a child, charged with a capital or life felony, rushes to an adjudicatory hearing before the Juvenile Court in order to avoid prosecution as an adult.
If, within the fourteen days, the Grand Jury indicts, the Juvenile Court is thereby divested of jurisdiction. F.S. 39.-02(5)(c); Also see: Johnson v. State, Fla., 314 So.2d 573 (1975). Should the Grand Jury fail to act within the fourteen days, the Juvenile Court would be free to proceed. If the child were then placed in jeopardy in the Juvenile Court, he could not thereafter be indicted and prosecuted as an adult. Breed v. Jones, 421 U.S. 519, 95 S.Ct, 1779, 44 L.Ed.2d 346 (May 27, 1975); Smith v. State, Fla., 316 So.2d 552 (1975). However, if jeopardy had not attached, and if the charges against the child were not barred by the “Speedy Trial” Rule or other statutes or rules of limitation, the Grand Jury may return an indictment after the fourteen days, and in such event, the Juvenile Court would be divested of jurisdiction.
Looking at the cases under consideration, we see that Appellee Meagher was indicted 16 days after his arrest and Ap-pellee Potter was indicted 22 days after his arrest. Although Delinquency Petitions were filed shortly after their arrest, no adjudicatory action was taken and they were not otherwise placed in jeopardy. It also appears that the charges pending against them have not been barred by the “Speedy Trial” Rule or other statutes or rules of limitation.
We conclude that the Trial Judge misinterpreted the effect of Section 39.02(5) (c) and erred when he dismissed the indictments. Both cases are remanded with instructions that the indictments be reinstated.
WALDEN, C. J., and OWEN, J., concur.

. Florida Statutes, Section 39.02(5) (c), provides" as follows:
“A child of any age charged with a violation of Florida law punishable by death or life imprisonment shall be subject to the jurisdiction of the court as set out in § 39.06(7) unless and until an indictment on such charge is returned by the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult. No adjudicatory hearing shall be held within fourteen days from the date that the child is taken into custody unless the state attorney advises the court in writing that he does not intend to present the case to the grand jury or that he has presented it to the grand jury but that the grand jury has declined to return an indictment. Should the court receive such a notice from the state attorney, or should the grand jury fail to act within the fourteen-day period, the court may proceed as otherwise required by law.”