ROBERT P. SMITH, Jr., Acting Chief Judge.
Prisoner Spencer, convicted, sentenced, and in custody for the felonies of sexual battery and kidnapping, petitions for a writ of habeas corpus alleging that the criminal proceedings against him placed him twice in jeopardy, in violation of constitutional guaranties, in that Spencer previously was subjected as a juvenile to an adjudicatory proceeding which may have resulted in an adjudication that he violated the criminal laws. Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). The petition and exhibits made a prima facie case, and we required a response from the State, including other records of the juvenile division of the circuit court showing the character of that court’s hearing on May 14,1975.
The hearing which Spencer asserts placed him in jeopardy of adjudication as a juvenile was preceded by a motion by the State to waive juvenile jurisdiction and to transfer the matter to the criminal division of the circuit court; and that hearing resulted in an order entitled “order of transferral to felony division circuit court”. On its face the “order of transferral” is somewhat ambiguous in its characterization of the preceding hearing: preliminarily it refers not to the motion for transfer but to the petition for delinquency adjudication; it recites that Spencer was a juvenile who, if an adult,
would be charged with a violation of Florida law constituting a felony, in this, to-wit: that on the 5th day of April, A.D., 1975 . . . said child
COUNT I
did then and there unlawfully commit a sexual battery . . .;
and the order continues to recite the essential elements of two sexual batteries and three kidnappings which would seem to constitute adjudication of the offenses described, were the recitals not introduced by the language above quoted. The recital under “COUNT V” includes a finding that “there is probable cause to believe that said child is guilty of such offenses and that it is for the best interest of the public welfare that said child be transferred to the Felony Division..."
While the “order of transferral” may be susceptible of an interpretation that it was preceded by a hearing in which Spencer was potentially subject either to adjudication as a delinquent juvenile or to transfer to the Felony Division, the transcript of hearing filed by the State clearly indicates that the hearing was conducted solely on the issue of whether juvenile jurisdiction should be waived and Spencer transferred to the Felony Division. Accordingly, Spencer was not adjudicated a delinquent, he was not in *CXX jeopardy of such an adjudication, his subsequent trial as an adult did not place him twice in jeopardy, and his petition for writ of habeas corpus is
DENIED.
BOOTH and LARRY G. SMITH, JJ., concur.