379 So.2d 979 (1980)
Eric Randle McCARVER, Appellant,
v.
STATE of Florida, Appellee.
No. 79-276/T4-390.
District Court of Appeal of Florida, Fifth District.
January 16, 1980.
Rehearing Denied February 21, 1980.
Harry W. Carls, III, Public Defender, and Charles A. Tabscott, Asst. Public Defender, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
*980 ORFINGER, Judge.
This is an appeal from a judgment of conviction based upon a plea of nolo contendere, reserving right to appeal, following the denial of defendant's motion to dismiss the indictment herein.
On April 18, 1978, defendant, a juvenile, was arrested on a petition for delinquency, charging him with armed burglary of a dwelling. On April 19, 1978, he was brought before the Circuit Court, Juvenile Division, for a detention hearing. At that hearing, and in response to a question put to him by the circuit judge, he indicated a desire to enter a plea of guilty to the charge, whereupon the Court proceeded to take testimony to determine the defendant's understanding of the nature of the charges, his understanding of his rights and the rights he would be waiving if the Court accepted his plea, and the factual basis for the plea. At the conclusion of the testimony, the Court specifically found that the facts supported the violations charged, that the plea was entered freely and voluntarily after intelligent consideration, and the Court accepted the plea. The Court then announced that it would withhold adjudication pending the preparation of a disposition report which he then ordered prepared. The defendant was not represented at this hearing and waived counsel. An Assistant State Attorney was present representing the State and made neither comment nor objection to the proceedings.
That same day, the State filed a motion before the same circuit judge, requesting the "... Court to vacate the plea of guilty entered by the ... [defendant] and accepted by the Court ..." and to enter for the defendant a plea of not guilty because the defendant had been charged with a felony punishable by life imprisonment, the State intended to present this matter to the grand jury, and that under Sec. 39.02(5)(c), F.S., no adjudicatory hearing could be held within 14 days from the date the child was taken into custody unless the State Attorney advised the Court in writing that it did not intend to present the case to the grand jury, and no such written notice had been filed with the Court.
The following day, April 20, 1978, the Court appointed the Public Defender to represent the defendant and vacated and set aside the guilty plea because the charge was a life felony and that, pursuant to Sec. 39.02(5)(c), F.S., "... the Court cannot hold an adjudicatory hearing until 14 days have passed unless the State Attorney advises the Court in writing that he does not intend to present the case to the grand jury." The trial court then specifically found that the term "adjudicatory hearing" did include a guilty plea.
With the guilty plea vacated, the State presented the matter to the grand jury, which returned an indictment against the defendant. Defendant filed a motion to dismiss the indictment on the ground that he had been placed in jeopardy by the acceptance of the guilty plea in the juvenile division. The motion was heard by a judge in the criminal division, and denied; whereupon, the defendant entered a plea of nolo contendere, reserving the right to appeal. Defendant appeals his conviction, asserting error in the denial of his motion to dismiss the indictment.
Appellant urges two grounds for reversal. First, he asserts that the term "adjudicatory hearing" does not include acceptance of guilty pleas, hence the 14-day inhibition of Sec. 39.02(5)(c), F.S., does not apply. We do not agree. Sec. 39.01(23), F.S., defines "adjudicatory hearing" as "... a hearing at which the court makes its findings of fact and enters an appropriate order dismissing the case, withholding adjudication, or adjudicating the child to be a delinquent child ..." Rule 8.130 Fla. R.Juv.P. provides that at any hearing after the filing of the petition the child may enter a plea of guilty or nolo contendere and the Court "... shall not accept either plea without first determining that the plea is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such plea and that there is a factual basis for such plea." Additionally, Rule 8.190 Fla.R. *981 Juv.P., the caption of which is "adjudicatory hearings" provides for the entry of a guilty plea at such hearing with the attendant interrogation by the Court concerning said plea and determination of the factual basis for it. The Court may then adjudicate the child delinquent or withhold adjudication. Thus it is obvious that, as found by the juvenile division, an adjudicatory hearing contemplates the taking of a guilty plea.
Appellant next contends that when he submitted a plea of guilty at the hearing, and when the Court took testimony to determine the voluntariness of the plea and the factual basis for it, accepted the plea and withheld adjudication pending a predisposition report, he was placed in jeopardy and the subsequent proceedings violated the constitutional prohibitions against double jeopardy and are thus void. We agree and must reverse the instant conviction entered upon the plea of nolo contendere.
Defendant contends, and correctly so, that jeopardy attaches in juvenile proceedings. Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), and Smith v. State, 316 So.2d 552 (Fla. 1975). The State concedes this. However, the State contends that before jeopardy can attach as a result of a trial or hearing, the proceeding must be valid and if the proceedings are lacking in any fundamental prerequisite which renders the judgment void, they will not constitute a proper predicate for such a claim. Tilghman v. Mayo, 82 So.2d 136 (Fla. 1955). Put another way, the State says that if the court before which the proceedings are conducted has no jurisdiction, such proceedings are fundamentally void and offer no basis for a claim of double jeopardy. It cites Rogers v. State, 336 So.2d 1233 (Fla. 4th DCA 1976) and Pope v. State, 268 So.2d 173 (Fla.2d DCA 1972) as support for its position. In Rogers, it was held that an information filed in the county court for the felony of carrying a concealed firearm did not preclude a later information in the circuit court for the same crime, even after trial commenced in the county court, when the county court dismissed the information for lack of jurisdiction. In Pope, the reverse was found; that the filing of an information in the circuit court for a crime that was a misdemeanor did not preclude the later filing of an information in the county court for the same crime. In both cases, the determining factor was the jurisdiction of the first court to entertain the proceedings, and so here, we look to the jurisdiction of the circuit court to accept appellant's plea. The State contends the juvenile court had no such jurisdiction because of the 14-day "wait" period of Sec. 39.02(5)(c), F.S., and it urges us to hold that by accepting the plea in violation of this rule it exceeded its jurisdiction "... just as surely as if the plea had been tendered and accepted in county court."
Sec. 39.02(1) provides that the circuit court shall have "exclusive original jurisdiction" of proceedings in which a child is alleged to be delinquent. Sec. 39.02(5)(c) then provides:
"(c) A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set out in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury, in which event and at which time the court shall be divested of jurisdiction under this statute and the charge shall be made and the child shall be handled in every respect as if he were an adult. No adjudicatory hearing shall be held within 14 days from the date that the child is taken into custody unless the state attorney advises the court in writing that he does not intend to present the case to the grand jury or that he has presented it to the grand jury but that the grand jury has declined to return an indictment. Should the court receive such a notice from the state attorney, or should the grand jury fail to act within the 14-day period, the court may proceed as otherwise required by law." (emphasis supplied)
Thus it is evident that from the time a petition for delinquency is filed and the juvenile is taken into custody, the circuit *982 court jurisdiction vests, and it is not divested until a grand jury returns an indictment in a proper case. If the grand jury refuses to indict or does not do so within the 14-day period, the juvenile jurisdiction continues as before. If we adopt the State's position that the juvenile court has no jurisdiction during the first 14-day period, then no court would have jurisdiction, and this obviously cannot be.
Jurisdiction is the power to hear and determine a cause, even erroneously. Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926); State ex rel. Reynolds Construction Co., Inc. v. Hendry, 37 So.2d 904 (Fla. 1948). The juvenile court had jurisdiction when it requested and accepted defendant's guilty plea at the detainer hearing. In view of the nature of the charge against him, the State should have been given the opportunity contemplated by the statute to either present the matter to the grand jury or advise the court in writing that it did not intend to do so. Nevertheless, an adjudicatory hearing was held; a plea of guilty was tendered and factual evidence was presented to support the plea. Having thus proceeded, even though erroneously, the Court placed the defendant in jeopardy, which attached when the Court, as the trier of the facts, began to hear evidence. Breed v. Jones, supra; Smith v. State, supra. Defendant could not thereafter be tried again for the same offense.[1]
The judgment of conviction is therefore reversed and the sentence set aside, and the cause is remanded to the Circuit Court of Orange County, Florida, Juvenile Division, for further proceedings in that division, consistent herewith.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Cf. Spencer v. Wainwright, 377 So.2d 38 (Fla. 1st DCA, 1979) where only a transfer hearing was held, so jeopardy did not attach.