BOARDMAN, Judge.
The state appeals the trial court’s order granting appellee Angelo Lisak’s motion to dismiss the indictment against him and transferring the case to the juvenile division. We reverse.
Appellee was arrested on April 11, 1980, for an armed robbery committed on November 27, 1979. On April 16, 1980, a delinquency petition for this offense was filed against him.
On April 21, 1980, appellee appeared before the juvenile court, and Assistant Public Defender James Birkhold entered an admission to the petition on appellee’s behalf. Birkhold and Deputy Clerk Patricia Wood later testified that Assistant State Attorney Richard Brown was present at this hearing. The prosecutor said nothing during the proceeding. Birkhold laid a factual basis for appellee’s plea. Appellee himself said nothing, however. Mr. Smith from HRS agreed to have an oral predispositional report prepared by the next morning, and the matter was continued to the next morning.
The following day, Brown asked for a continuance because “there has been a conflict as to the boys [sic] age and we would like some additional time to investigate and subpoena some records to be sure before we proceed to disposition.” Brown further noted that the charged offense was a life felony and “we do have twenty one days, if we wish (inaudible).” The case was then continued until April 25,1980, “for the State to verify.” At the outset of the April 25,1980, hearing Brown announced: “Your Honor, at this time it’s the State’s intention to form a Grand Jury, uh, the first of next week under our authority under Florida Statute 29025C. This is a life felony.” Birkhold noted that appellee had already entered a plea, and the trial court agreed.
An indictment against appellee was filed on April 30, 1980, and the juvenile petition was apparently nolle prossed on May 2, 1980. On September 12,1980, appellee filed a motion to dismiss the indictment on the ground that he had already been charged with and pled guilty to the crime charged in the indictment. After hearing testimony and reviewing memoranda of law submitted by both sides, the trial court (criminal division) on November 10, 1980, entered the following order:
[I]t is the
FINDING OF THE COURT THAT:
1) The Defendant was properly before Court in the Juvenile Division on April 21, 1980;
2) The Defendant tendered a plea of guilty in open court in the Juvenile Division on April 21, 1980;
3) The Court in the Juvenile Division accepted the Defendant’s plea of guilty on April 21, 1980;
4) The Court in the Juvenile Division subsequently ordered a pre-disposition report as a consequence of accepting the Defendant’s plea of guilty; and
5) The Defendant was then ordered to return to Court in the Juvenile Division for disposition,
accordingly, it is hereby
ORDERED AND ADJUDGED that the Defendant has previously been placed in jeopardy and therefore the Defendant’s Motion to Dismiss is granted, and the Defendant is ordered transferred to Juvenile Division for further proceedings.
On November 20,1980, appellee was committed “to H.R.S. for the maximum period of time under the law but not beyond his nineteenth birthday.” This appeal followed timely.
Section 39.06(7), Florida Statutes (1979), gives the juvenile court general jurisdiction over all juveniles brought before the courts. However, Section 39.02(5)(c), Florida Statutes (1979), provides:
A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set forth in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury. When an indictment is returned, the petition for delinquency, if any, shall be dismissed. The child shall *1151 be tried and handled in every respect as if he were an adult:

No adjudicatory hearing shall be held within 21 days from the date that the child is taken into custody and charged with having committed an offense punishable by death or by life imprisonment unless the state attorney advises the court in writing that he does not intend to present the case to the grand jury or that he has presented the case to the grand jury and the grand jury has returned a no true bill. If the court receives such a notice from the state attorney, or if the grand jury fails to act within the 21-day period, the court may proceed as otherwise authorized under this chapter.
(Emphasis added.) State v. Cain, 381 So.2d 1361 (Fla.1980), which involved another statutory exception to the juvenile court’s general jurisdiction over all juveniles, held that this exclusive general jurisdiction is expressly qualified to the extent of the statutory exceptions.
Appellee was arrested on April 11, 1980, so the twenty-one days during which no adjudicatory hearing could be held did not run until May 2, 1980. The hearing at which appellee attempted to enter his guilty plea was held on April 21, 1980. Following the rationale of State v. Cain, we hold that the trial court lacked jurisdiction to hold an adjudicatory hearing on that date.
Appellee argues that the entry of a guilty plea is not the equivalent of an adjudicatory hearing. The fifth district addressed that issue in McCarver v. State, 379 So.2d 979, 980-981 (Fla. 5th DCA 1980):
Sec. 39.01(23), F.S., defines “adjudicatory hearing” as “. . . a hearing at which the court makes its findings of fact and enters an appropriate order dismissing the case, withholding adjudication, or adjudicating the child to be a delinquent child ...” Rule 8.130 Fla.R.Juv.P. provides that at any hearing after the filing of the petition the child may enter a plea of guilty or nolo contendere and the Court “. .. shall not accept either plea without first determining that the plea is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such plea and that there is a factual basis for such plea.” Additionally, Rule 8.190 Fla.R. Juv.P., the caption of which is “adjudicatory hearings[,]” provides for the entry of a guilty plea at such hearing with the attendant interrogation by the Court concerning said plea and determination of the factual basis for it. The Court may then adjudicate the child delinquent or withhold adjudication. Thus it is obvious that, as found by the juvenile division, an adjudicatory hearing cbntemplates the taking of a guilty plea.
Logic dictates that a hearing at which a guilty plea is entered is an adjudicatory hearing under the juvenile statutes and rules.
McCarver went on to hold that jeopardy nevertheless attaches if an adjudicatory hearing is held by the juvenile court during the twenty-one-day period because the court has jurisdiction over the subject matter. We disagree. The McCarver court seems to take the position that the juvenile court either has jurisdiction or it does not. However, as State v. Cain makes clear, the juvenile court has general jurisdiction that is specifically limited during the twenty-one-day period following the juvenile’s arrest. During this period, the juvenile court has authority to take any action on the matter except adjudicate.
Since the entry and the juvenile court’s apparent acceptance of appellee’s guilty plea [1] is an adjudication, this action by the juvenile court exceeded its authority and was void ab initio. To hold otherwise would permit the juvenile court to exercise jurisdiction expressly forbidden without recourse by the state. The legislative intent of Section 39.02(5)(c), to give the prosecutor *1152 adequate time to go before the grand jury, would also be frustrated. Thus a virtual race to the courthouse could result.
Since a void proceeding cannot be the basis for a double jeopardy claim, Tilghman v. Mayo, 82 So.2d 186 (Fla.1955), State v. Cox, 399 So.2d 1067 (Fla.2d DCA 1981), the trial court’s order granting appellee’s motion to dismiss the indictment and transferring the case to the juvenile division must be and is REVERSED and the cause REMANDED for further proceedings consistent herewith.
HOBSON, Acting C. J., and OTT, J., concur.

. In view of our holding, we do not decide whether the trial court actually accepted appellee’s tendered plea or if such an acceptance would otherwise have been proper under the circumstances,