433 So.2d 487 (1983)
Angelo LISAK, Petitioner,
v.
STATE of Florida, Respondent.
No. 61830.
Supreme Court of Florida.
January 27, 1983.
Rehearing Denied July 11, 1983.
Peter M. de Manio and Teresa H. Harrison of the Law Offices of Peter M. de Manio, P.A., Sarasota, for petitioner.
Jim Smith, Atty. Gen. and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondent.
McDONALD, Justice.
We have accepted jurisdiction to review the decision of the Second District Court of Appeal in State v. Lisak, 409 So.2d 1149 (Fla. 2d DCA 1982), because it conflicts with McCarver v. State, 379 So.2d 979 (Fla. 5th DCA 1980). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. We approve Lisak and in doing so disapprove McCarver.
The facts are fully recited in the opinion of the district court:
Appellee was arrested on April 11, 1980, for an armed robbery committed on November 27, 1979. On April 16, 1980, a delinquency petition for this offense was filed against him.
On April 21, 1980, appellee appeared before the juvenile court, and Assistant Public Defender James Birkhold entered an admission to the petition on appellee's behalf. Birkhold and Deputy Clerk Patricia Woods later testified that Assistant State Attorney Richard Brown was present at this hearing. The prosecutor said nothing during the proceeding. Birkhold laid a factual basis for appellee's plea. Appellee himself said nothing, however. Mr. Smith from HRS agreed to have an oral predispositional report prepared *488 by the next morning, and the matter was continued to the next morning.
The following day, Brown asked for a continuance because "there has been a conflict as to the boys [sic] age and we would like some additional time to investigate and subpoena some records to be sure before we proceed to disposition." Brown further noted that the charged offense was a life felony and "we do have twenty one days, if we wish (inaudible)." The case was then continued until April 25, 1980, "for the State to verify." At the outset of the April 15, 1980, hearing Brown announced: "Your Honor, at this time it's the State's intention to form a Grand Jury, uh, the first of next week under our authority under Florida Statute 29025C. This is a life felony." Birkhold noted that appellee had already entered a plea, and the trial court agreed.
An indictment against appellee was filed on April 30, 1980, and the juvenile petition was apparently nolle prossed on May 2, 1980. On September 12, 1980, appellee filed a motion to dismiss the indictment on the ground that he had already been charged with and pled guilty to the crime charged in the indictment. After hearing testimony and reviewing memoranda of law submitted by both sides, the trial court (criminal division) on November 10, 1980, entered the following order:
[I]t is the
FINDING OF THE COURT THAT:
1) The Defendant was properly before Court in the Juvenile Division on April 21, 1980;
2) The Defendant tendered a plea of guilty in open court in the Juvenile Division on April 21, 1980;
3) The Court in the Juvenile Division accepted the Defendant's plea of guilty on April 21, 1980;
4) The Court in the Juvenile Division subsequently ordered a pre-disposition report as a consequence of accepting the Defendant's plea of guilty; and
5) The Defendant was then ordered to return to Court in the Juvenile Division for disposition,
accordingly, it is hereby
ORDERED AND ADJUDGED that the Defendant has previously been placed in jeopardy and therefore the Defendant's Motion to Dismiss is granted, and the Defendant is ordered transferred to Juvenile Division for further proceedings.
On November 20, 1980, appellee was committed "to H.R.S. for the maximum period of time under the law but not beyond his nineteenth birthday."
409 So.2d at 1150.
The question to be resolved is whether a minor's plea of guilty to a petition for delinquency predicated on a capital or life sentence offense and made within twenty-one days of the arrest of the minor bars prosecution of the minor as an adult on the capital offense. In answering this question in the negative we adopt additional portions of the second district opinion in this cause:
Section 39.06(7), Florida Statutes (1979), gives the juvenile court general jurisdiction over all juveniles brought before the courts. However, Section 39.02(5)(c), Florida Statutes (1979), provides:
A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set forth in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury. When an indictment is returned, the petition for delinquency, if any, shall be dismissed. The child shall be tried and handled in every respect as if he were an adult:
.....

No adjudicatory hearing shall be held within 21 days from the date that the child is taken into custody and charged with having committed an offense punishable by death or by life imprisonment unless the state attorney advises the court in writing that he does not intend to present the case to the grand *489 jury or that he has presented the case to the grand jury and the grand jury has returned a no true bill. If the court receives such a notice from the state attorney, or if the grand jury fails to act within the 21-day period, the court may proceed as otherwise authorized under this chapter.
(Emphasis added.) State v. Cain, 381 So.2d 1361 (Fla. 1980), which involved another statutory exception to the juvenile court's general jurisdiction over all juveniles, held that this exclusive general jurisdiction is expressly qualified to the extent of the statutory exceptions.
Appellee was arrested on April 11, 1980, so the twenty-one days during which no adjudicatory hearing could be held did not run until May 2, 1980. The hearing at which appellee attempted to enter his guilty plea was held on April 21, 1980. Following the rationale of State v. Cain, we hold that the trial court lacked jurisdiction to hold an adjudicatory hearing on that date.
.....
Since the entry and the juvenile court's apparent acceptance of appellee's guilty plea[1] is an adjudication, this action by the juvenile court exceeded its authority and was void ab initio. To hold otherwise would permit the juvenile court to exercise jurisdiction expressly forbidden without recourse by the state. The legislative intent of Section 39.02(5)(c), to give the prosecutor adequate time to go before the grand jury, would also be frustrated. Thus a virtual race to the courthouse could result.
409 So.2d at 1150-52.
In Tilghman v. Mayo, 82 So.2d 136 (Fla. 1955), cert. denied, 350 U.S. 942, 76 S.Ct. 317, 100 L.Ed. 821 (1956), we said:
[T]o constitute a proper basis for the claim of former jeopardy a proceeding must be valid, and if the proceedings are "lacking in any fundamental prerequisite which renders the judgment void" they will not constitute a proper predicate for such a claim.
Id. at 137. In Vinson v. State, 345 So.2d 711 (Fla. 1977), we held that a trial judge improperly acquitted a defendant following a nolo contendere plea because the trial judge had no authority to enter a judgment of not guilty on a nolo contendere plea and that his action in doing so was a nullity. We further held that double jeopardy did not bar his prosecution. In State v. Cox, 399 So.2d 1067 (Fla. 2d DCA 1981), approved, 412 So.2d 354 (Fla. 1982), the court held that a trial judge could not accept a plea to a lesser degree crime without the consent of the state, that his actions were therefore a nullity, and that jeopardy did not attach to prosecution for the higher offense.
The legislature's acts determine whether a person can be treated as a juvenile or not. We construe sections 39.06(7) and 39.02(5)(c), Florida Statutes (1979), to prohibit a plea of guilty, as a juvenile delinquent act, within twenty-one days of the minor's arrest for a capital offense unless agreed to by the state. The plea here was a nullity. This being true, jeopardy did not attach, and Lisak can properly be tried as an adult.
The decision and opinion of the district court are approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS and OVERTON, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
The majority fails to recognize that petitioner has been twice placed in jeopardy for the same offense. I therefore dissent. I would quash the decision of the district court of appeal and approve the decision in McCarver v. State, 379 So.2d 979 (Fla. 5th DCA 1980), which is much better supported by logic and by precedent.
*490 The provision in section 39.02(1), Florida Statutes (1979), vesting exclusive original jurisdiction over juveniles alleged to be delinquent in the circuit court, has reference to the completely separate jurisdictional division of that court for juvenile proceedings. See Robidoux v. Coker, 383 So.2d 719 (Fla. 4th DCA), review denied, 389 So.2d 1108 (Fla. 1980); State v. Robinson, 336 So.2d 437 (Fla. 2d DCA 1976), cert. denied, 341 So.2d 1085 (Fla. 1977). This juvenile court jurisdiction attaches to the juvenile when the summons is served or the child is taken into custody. § 39.06(7), Fla. Stat. (1979). The juvenile court's jurisdiction of the child continues thereafter unless and until such jurisdiction is divested pursuant to the provisions of the Juvenile Justice Act. One of the four ways the juvenile court may be divested of jurisdiction is provided for by section 39.02(5)(c), Florida Statutes (1979). See State v. Cain, 381 So.2d 1361 (Fla. 1980); Johnson v. State, 314 So.2d 573 (Fla. 1975). Section 39.02(5)(c) provides:
(c) A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set forth in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury. When an indictment is returned, the petition for delinquency, if any, shall be dismissed and the child shall be tried and handled in every respect as if he were an adult. No adjudicatory hearing shall be held within 21 days from the date that the child is taken into custody and charged with having committed a capital or life felony unless the state attorney advises the court in writing that he does not intend to present the case to the grand jury or that he has presented the case to the grand jury and that the grand jury has returned a no true bill. If the court receives such a notice from the state attorney, or if the grand jury fails to act within the 21-day period, the court may proceed as otherwise authorized under this chapter.
The statutory language clearly provides that unless and until an indictment is returned, the juvenile is subject to the jurisdiction of the juvenile division of the court.
The state proceeded against petitioner by filing a petition charging him with an act of delinquency. The cause proceeded and went before the court for a hearing. At the hearing, petitioner entered a plea admitting the allegations of the petition. The court then made an inquiry and received evidence relating to the factual basis for the plea. The Florida Rules of Juvenile Procedure designate a hearing at which a plea is entered as an adjudicatory hearing. Fla.Rule Juv.Pro. 8.190(a). Even though adjudication of delinquency was withheld and disposition continued until a later date, I conclude that the hearing at which petitioner entered his plea of admission to the petition was an adjudicatory hearing within the meaning of section 39.02(5)(c). Since the 21-day period had not elapsed and the state had not filed a notice of lack of intent to seek an indictment, the court disregarded the statute and erred in holding the adjudicatory hearing. But this is not the same as saying that the court lacked jurisdiction to hold the hearing.
The constitutional protection against double jeopardy takes cognizance of proceedings for determination of juvenile delinquency. Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). When a juvenile charged with delinquency appears before the court for an adjudicatory hearing and enters a plea and the court hears evidence on the charge, jeopardy has attached. Breed v. Jones; Smith v. State, 316 So.2d 552 (Fla. 1975). Therefore in this case the trial court was correct to dismiss the subsequently filed indictment.
The majority follows the district court's reasoning which attempts to solve the double jeopardy problem through reliance on the rule that in order for jeopardy to attach, the court must have jurisdiction. Properly understood, however, this rule does not provide the majority with the sound basis needed for its decision. In State v. Meagher, 323 So.2d 26 (Fla. 4th DCA 1975), the same waiting-period provision in section 39.02(5)(c), which at the time *491 provided fourteen days, was in question. The juveniles there were indicted after the fourteen-day period had elapsed and argued that the state could not indict them after the expiration of the waiting period. The court held that even after the fourteen days elapsed, the grand jury could still indict the juveniles, "if jeopardy had not attached." 323 So.2d at 28. Since no adjudicatory actions were taken by the juvenile court, it was held that there was no placing in jeopardy and the state was allowed to prosecute under the indictment. The Meagher decision did not deal with the situation of juvenile court action prior to the expiration of the waiting period, but did recognize the importance of the fact that jeopardy had not attached when the indictments were returned.
Jurisdiction is the lawfully existing power of a court to hear and determine a cause. State v. King, 426 So.2d 12 (Fla. 1982); Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926). Jurisdiction necessarily embraces the power to determine a cause erroneously. State ex rel. Reynolds Construction Co. v. Hendry, 37 So.2d 904 (Fla. 1948). It may be true that the trial court erroneously disregarded or misinterpreted the legislature's clear directive that no adjudicatory hearing be held within twenty-one days. But this error did not deprive the court of jurisdiction.
[I]t is evident that from the time a petition for delinquency is filed and the juvenile is taken into custody, the [juvenile] circuit court jurisdiction vests, and it is not divested until a grand jury returns an indictment in a proper case. If the grand jury refuses to indict or does not do so within the 14-day period, the juvenile jurisdiction continues as before. If we adopt the State's position that the juvenile court has no jurisdiction during the first 14-day period, then no court would have jurisdiction, and this obviously cannot be.
McCarver v. State, 379 So.2d 979, 981-82 (Fla. 5th DCA 1980). Until removed pursuant to one of the statutory provisions, the jurisdiction of the juvenile division continues once it has attached. I agree with the McCarver court that there can be no hiatus in jurisdiction of a pending court proceeding.
Furthermore, I believe that here the state waived the 21-day waiting period provision by acquiescence. Although there was no written consent by the state attorney as provided for by section 39.02(5)(c), the assistant state attorney who represented the state raised no objection when the plea was tendered and the court began to take evidence. Thus the state should be estopped from later denying that the court had jurisdiction and from invoking the 21-day statutory waiting period.
For the foregoing reasons, I dissent.
NOTES
[1] In view of our holding, we do not decide whether the trial court actually accepted appellee's tendered plea or if such an acceptance would otherwise have been proper under the circumstances.