ORFINGER, Judge.
The issue presented by this appeal[1] is whether the juvenile court may properly require the State to file a petition for delinquency in less than the 45 day time limit provided for by statute.[2] The trial court held that such time limit could be imposed and dismissed the State’s petition for failure to file it within the time limited. We reverse.
Having been taken into custody on a charge of grand theft, appellee appeared for a detention hearing and was released from custody on this charge. The court appointed a public defender to represent the minor, required the State to file a petition for delinquency within 72 hours, and set arraignment for December 5,1983. On the appointed date, the State announced that it had not filed the petition within the time specified by the court because it had not been able to procure the necessary statements as would enable it to file the petition in good faith. The court dismissed the case.
On January 5, 1984, 42 days after the appellee had been taken into custody, the State filed its petition for delinquency based on the grand theft charge. At a subsequent arraignment hearing the court, noting that the State had failed to file the petition within the court-ordered 72 hour time period, dismissed the charge again on the ground that the court had the power to require the State to file its petition in less than the statutory 45 day time period, and that a violation of such order was ground for dismissal.
Appellant contends that because the statute allows the State to file a petition within 45 days of the child being taken into custody without court order, it was error for the court to dismiss the petition when it was filed within the time provided by the statute. The State further argues that although it did not follow the court’s order to file its petition within 72 hours, it could not have done otherwise, given that the assistant state attorney announced that the State could not have filed the petition in good faith as required by Fla.R.Juv.P. 8.110(b). That rule states:
Verification. The petition shall be signed by the state attorney, assistant state attorney, or other petitioner, stating under oath his good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
*571 Appellee responds that simply because the statute mandates dismissal of the petition after 45 days does not mean that the trial judge may not dismiss the petition in less than 45 days should he consider it appropriate.
While there appears to be no other case on point, an analogy may be found in the case of Lisak v. State, 433 So.2d 487 (Fla. 1983) where the supreme court held that during the 21 days allowed by section 39.-02(5)(c)2, Florida Statutes (1983) within which the State may seek a grand jury indictment for an offense punishable by death or life imprisonment, the juvenile court could not hold an adjudicatory hearing. While we do not find the issue here to be lack of jurisdiction, as it was in Lisak, it appears that the juvenile court similarly does not have the power to shorten the statutory time period within which the State may act, where no such limitation is imposed by the statute. The State is required to verify the fact that it makes the charge in good faith. Obviously the legislature .intended that the State have sufficient time to do so.
REVERSED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.

. This court has held that the State has the right to appeal from final orders in juvenile proceedings. State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), petition for rev. denied, 419 So.2d 1201 (Fla.1982). However, that issue is presently pending before the supreme court following certification of the question as one of the great public importance by the Third and Fourth District Courts of Appeal. State v. J.P. W., 433 So.2d 616 (Fla. 4th DCA 1983) agrees that review is available; State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983) holds that review is not available. The supreme court has not as yet resolved the conflict, but relying on W.A.M., we review the order of dismissal.

. Section 39.05(6), Florida Statutes (1983) provides:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney for good cause shown.