SHARP, Judge.
The state appeals from a dismissal of its case against R.L.B. for failure to file a petition for delinquency within two weeks after entry of the trial court’s order requiring such a filing.[1] However, forty-five days had not passed between the time that *819 R.L.B. was taken into custody and the court’s dismissal of the case.
R.L.B. was taken into custody on a retail theft charge on August 3, 1984. The trial court ordered that the state file a delinquency petition within two weeks of the arraignment, which was held on August 6, 1984. On August 31, 1984, the court dismissed the case for failure to file a petition for delinquency. We reverse.
Section 39.05(6), Florida Statutes (1983) provides:
(6) On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney for good cause shown.
Our interpretation of this statute is that the trial court may not shorten the time period within which the state must file a petition or suffer dismissal with prejudice. State v. D.A.E., 456 So.2d 569 (Fla. 5th DCA 1984). The decision to file such a petition rests solely with the state. State v. C.C.B., 465 So.2d 1379 (Fla. 5th DCA 1985).
REVERSED AND REMANDED.
DAUKSCH and COWART, JJ., concur.

. We are committed to the view that the state has the right to appeal in such cases, State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), review denied, 419 So.2d 1201 (Fla.1982), although we recognize a conflict with our sister court on this issue. State v. C.C., 449 So.2d 280 (Fla. 3rd DCA 1983); State v. G.P., 429 So.2d 786 (Fla. 3rd DCA 1983). But see State v. J.P.W., 433 So.2d 616 (Fla. 4th DCA 1983).