478 So.2d 815 (1985)
D.A.E., a Child, Petitioner,
v.
STATE of Florida, Respondent.
No. 66090.
Supreme Court of Florida.
November 14, 1985.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
The juvenile petitioner seeks review of the decision of the district court of appeal on the ground of conflict of decisions. We have jurisdiction because there is conflict. Art. V, § 3(b)(3), Fla. Const.
In the decision under review, reported as State v. D.A.E., 456 So.2d 569 (Fla. 5th DCA 1984), the district court of appeal afforded the state appellate review of an order of the circuit court dismissing a petition for adjudication of juvenile delinquency. In State v. Creighton, 469 So.2d 735 (Fla. 1985), we held that the state's right of appeal in criminal cases is conferred and governed strictly by statute. This Court also recently held that the state is given no right of appeal in juvenile cases under chapter 39, Florida Statutes (1983), the Florida Juvenile Justice Act. State v. C.C., 476 So.2d 144 (Fla. 1985). Under these recent decisions, it is clear that the state had no right to appeal the circuit court's order dismissing the delinquency petition in the instant case. Therefore the district court of appeal should not have provided appellate review of the juvenile court's order of dismissal. It is conceded that petitioner adequately challenged the state's right to *816 appeal. See D.C.W. v. State, 445 So.2d 333, 335 n. 3 (Fla. 1984).
The decision of the district court of appeal is quashed with directions to dismiss the state's appeal.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion.
BOYD, Chief Justice, concurring in part and dissenting in part.
Although I expressed the dissenting view in State v. C.C. that the state could appeal a dismissal of a juvenile delinquency petition under the statutory authority contained in section 924.07(1), Florida Statutes (1981), I agree that the majority opinion in that case settled the matter and that specific statutory authority for appeals by the state in juvenile cases is lacking.
In the present case the juvenile court imposed on the state a time limitation for filing of the juvenile delinquency petition not required or permitted by the applicable statutes and rules. If the district court had been aware that the state had no right of appeal, it might have been inclined to treat the notice of appeal as a petition for certiorari based on the lower court's departure from the essential requirements of law. Although the petition for certiorari cannot be used to afford unauthorized appellate review, State v. G.P., 476 So.2d 1272 (Fla. Aug. 30, 1985), I believe that certiorari is available to the state, as it is to any aggrieved party, when the lower court departs from the essential requirements of law. Jones v. State, 477 So.2d 566 (Fla. October 17, 1985) (Boyd, C.J., concurring). Therefore, while agreeing with the Court's holding that the state had no right to appeal, I would remand to the district court so that it might consider whether to treat the purported appeal as a petition for certiorari based on common-law precedents defining the concept of departure from the essential requirements of law.