397 So.2d 960 (1981)
STATE of Florida, Petitioner,
v.
William Allen LAURY, Respondent.
No. 81-1.
District Court of Appeal of Florida, Fifth District.
April 15, 1981.
*961 Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for petitioner.
Kirk N. Kirkconnell of Muller & Kirkconnell, P.A., Winter Park, for respondent.
COWART, Judge.
The State petitions for a writ of certiorari to quash a judgment and sentence.
Respondent was charged with first degree murder and also two separate but related[1] manslaughter charges. The charges were severed. After the jury found respondent guilty of the manslaughter charges he entered a negotiated nolo contendere plea[2] to second degree murder as a lesser included offense under the first degree murder charge. The trial court found a factual basis for the plea (Fla.R.Crim.P. 3.170(j)) and accepted it but did not then adjudicate guilt. Later at sentencing, after considering the facts learned during the trial of the manslaughter case and additional facts presented by the presentence investigation and a sentencing brief, the trial judge, apparently relying on Florida Rule of Criminal Procedure 3.170(h) and State v. Febre, 156 Fla. 149, 23 So.2d 270 (1945), reconsidered and decided that a lesser degree of homicide more appropriately fit the facts. He reversed his previous finding of second degree murder, found and adjudicated respondent guilty of manslaughter and imposed the maximum sentence for manslaughter. The State seeks to quash the manslaughter judgment and sentence based on the nolo contendere plea to second degree murder, arguing that language in Vinson v. State, 345 So.2d 711 (Fla. 1977) (reviewing State v. Vinson, 320 So.2d 50 (Fla.2d DCA 1975)), purporting to modify Febre, is not obiter dictum merely because the district court decision was approved and the writ of certiorari was discharged by the Florida Supreme Court.
We do not approve of the trial court's accepting a plea resulting from a negotiated agreement between the State and defense counsel[3] and then, over the objection of the State, further reducing the *962 degree of the offense for which the accused can be punished. Where, as here, after accepting a negotiated plea, if upon further consideration the trial judge cannot conscientiously maintain his concurrence[4] with the plea agreement he should disapprove the agreement and return the parties to the position they occupied before their agreement. The parties can then either try the case on the charges or tender a new plea agreement to the trial court.
Florida Rule of Criminal Procedure 3.170(h) appears to have been carried over into the present rules from statutes relating to criminal procedure long ago. It is difficult to imagine an information or indictment charging an offense divided into degrees that complies with Florida Rule of Criminal Procedure 3.140(d)(1) that does not adequately specify the degree of the offense charged. In any event, here the information specified the degree of homicide charged and the plea was specifically to second degree murder. We are troubled by the State's argument that it has been effectively deprived of a part of its plea agreement and that, during the plea taking, the State did not present as complete a picture of the facts as it might have presented upon full trial. Nevertheless, we are concerned here because respondent was placed in jeopardy for the offense in question by the acceptance of his plea to second degree murder, and the trial court's adjudication and sentence of the lesser included offense of homicide disposed of those charges against him. The court's reduction of the charge from second degree murder to manslaughter was made on its own initiative and not at the request of the respondent. The respondent has made no motion to set aside his plea and has not taken any other action that can be construed to be a waiver of his constitutional rights. Unlike the defendant, the State has no right of appeal from a final judgment adjudicating guilt. See Fla.R.App.P. 9.140(b)(1)(A) and 9.140(c)(1). The defendant has not appealed his judgment of conviction. See Fla.R. App.P. 9.140(c)(1)(H).
Further, as a practical matter, we must recognize that under our system of criminal justice the trial judge not only has the exclusive responsibility for the sentence determination, but is necessarily entrusted with making decisions of law involving the criminal charge which are effectively final and binding on the State. If we should quash the judgment and sentence of manslaughter, respondent can either plead guilty as charged or go to trial. If he pleads guilty as charged the trial court has the discretion and duty to reject his plea if, as here, the court does not believe the factual basis fits the plea (Fla.R.Crim.P. 3.170(j); 3.172(a)), and require the case to be tried. If, during any trial, the court is of the opinion that the evidence is insufficient to warrant a conviction it may on its own initiative enter a judgment of acquittal as to any charge. Fla.R.Crim.P. 3.380(a). Even after verdict, if the trial court is of the opinion that the evidence does not sustain the verdict the court must find or adjudicate the defendant guilty only of such lesser degree or lesser offense necessarily included in the charge which, in the opinion of the court, is sustained by the evidence. Fla.R.Crim.P. 3.620. Because of constitutional double jeopardy guarantees these rulings of the trial judge are final. If, under constitutional concepts, the trial judge has such final authority in criminal cases then it is obviously not essential to law that his every departure from procedure be redressed by certiorari.
The petition for certiorari is
DENIED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] The respondent, fleeing in an automobile from the scene of the alleged murder, struck another vehicle, resulting in the second and third homicides.
[2] "Straight up without a reservation," meaning a plea without express reservation of right of appeal. Fla.R.Crim.P. 3.172(c)(iv).
[3] Fla.R.Crim.P. 3.171(b)(1).
[4] See Fla.R.Crim.P. 3.171(d).