399 So.2d 1067 (1981)
STATE of Florida, Petitioner,
v.
Thomas Wayne COX, Respondent.
No. 80-2118.
District Court of Appeal of Florida, Second District.
June 17, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for petitioner.
Jerry Hill, Public Defender, and W.C. McLain, Asst. Public Defender, Bartow, for respondent.
HOBSON, Acting Chief Judge.
The State petitions for a writ of certiorari to quash a judgment and sentence. The State contends that the trial court erred in accepting respondent/defendant's plea to a lesser included offense over the objection of the state attorney. We agree and reverse.
Respondent Cox was charged with robbery. Before the trial judge he changed his previously entered not guilty plea to a plea of guilty to strong-arm robbery with the condition of receiving not more than three years imprisonment. This plea was accepted and adjudication was withheld pending a PSI report.
Subsequently, respondent appeared again before the court and requested a withdrawal of his guilty plea, which was granted. Respondent then asked to enter a plea of guilty to petit theft. The state attorney duly voiced her objections to a plea to the lesser offense. The court, however, concluded that it could not in good conscience sentence Cox on the robbery charge, as his *1068 codefendant had been convicted of petit theft by a jury. The court then allowed Cox to plead guilty to the offense of petit theft.
We believe that Florida Rule of Criminal Procedure 3.170(g) is a recognition of the prosecutor's role when a defendant pleads guilty to any lesser offense than that charged in the information. Rule 3.170(g) reads as such:
(g) Plea of Guilty to Lesser Included Offense or Lesser Degree. The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged which is included in the offense charged in the indictment or information or to any lesser degree of the offense charged. (emphasis ours)
In the instant case the prosecuting attorney specifically objected to the defendant pleading guilty to any lesser offense.
Although we have been unable to find any Florida cases dealing with this issue, in United States v. Gray, 438 F.2d 1160 (9th Cir.1971), the court held that under the Federal Rules of Criminal Procedure, from which the Florida rules are derived, the district court had no authority without the consent of the government to accept pleas of guilty to lesser offenses.
Therefore, we hold that the trial judge had no authority over the objection of the state attorney to accept from respondent a plea of guilty to the lesser offense. In doing so, we note the opinion of our sister court in State v. Laury, 397 So.2d 960 (Fla. 5th DCA 1981), which disapproves of a trial court accepting a plea by a defendant to second degree murder but later, over the state's objection, adjudicating the defendant guilty of manslaughter. We disagree however with the holding in Laury that the adjudication of guilt on the lesser manslaughter charge, even though erroneous, disposed of the charges of the higher degree of the offense so as to invalidate on a double jeopardy theory any further proceedings on the higher degree of the offense as originally pled to by the defendant. Since the trial court acted improperly and exceeded its jurisdiction and authority, jeopardy does not attach. Vinson v. State, 345 So.2d 711 (Fla. 1977).
The judgment and sentence of the trial judge is quashed and the petition for writ of certiorari is granted.
GRIMES and CAMPBELL, JJ., concur.