412 So.2d 354 (1982)
Thomas Wayne COX, Petitioner,
v.
STATE of Florida, Respondent.
No. 60860.
Supreme Court of Florida.
March 25, 1982.
Jerry Hill, Public Defender and William C. McLain, Asst. Public Defender of the Tenth Judicial Circuit, Bartow, for petitioner.
*355 Jim Smith, Atty. Gen. and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondent.
ALDERMAN, Justice.
We have for review the decision of the District Court of Appeal, Second District, in State v. Cox, 399 So.2d 1067 (Fla. 2d DCA 1981), which expressly and directly conflicts with State v. Laury, 397 So.2d 960 (Fla. 5th DCA 1981). We agree with the Second District's reversal of the trial court's judgment and sentence, and we hold that, in light of Florida Rule of Criminal Procedure 3.170(g), the trial court had no authority, over the objection of the state attorney, to accept a plea from Cox to the lesser offense of petit theft. We also hold that, since the trial court acted improperly and exceeded its jurisdiction and authority, jeopardy did not attach.
Cox was charged with robbery. He initially entered a plea of not guilty but then changed his plea to guilty of strong-armed robbery with the condition that he receive a sentence of not more than three years' imprisonment. The court accepted this plea, but withheld adjudication pending a presentence investigation report. Twelve days later, Cox again appeared before the court. He then was permitted to withdraw his guilty plea, and, over the State's objection, he was allowed to plead guilty to petit theft. The trial court reasoned that, in good conscience, it could not sentence Cox on the robbery charge since his codefendant had been convicted by a jury of petit theft.
The State appealed, and the Second District reversed on the basis of Florida Rule of Criminal Procedure 3.170(g). Relying on our decision in Vinson v. State, 345 So.2d 711 (Fla. 1977), it concluded that jeopardy had not attached, and it expressly disagreed with the Fifth District's holding in Laury that the adjudication of guilt on a lesser charge, even though erroneous, disposed of all higher degrees of the offense.
In Laury, the trial court accepted a negotiated nolo contendere plea to second-degree murder as a lesser included offense of the first-degree murder charged, but it did not adjudicate the defendant guilty at the time it accepted the plea. Later, at sentencing, after considering additional facts adduced at the defendant's trial on a separate manslaughter charge and presented by a presentence investigation report, the trial court, over the State's objection and contrary to the negotiated plea, adjudicated the defendant guilty of manslaughter. Relying upon Vinson v. State, the State asked the Fifth District to quash the manslaughter conviction. The district court disapproved the reduction by the trial court of the negotiated plea, but it held that the trial court's adjudication and sentence of Laury for the lesser included offense of manslaughter disposed of all higher degrees of the homicide.
Laury is inconsistent with our decision in Vinson v. State, wherein we addressed the question of whether the trial court's action barred further prosecution on the basis of Vinson's claim of double jeopardy. The defendant in Vinson entered a plea of nolo contendere to the charge of unlawful delivery of a controlled substance. The trial court then ordered an evidentiary hearing on the plea, but the State objected, contending that upon tender of a plea of nolo contendere, the sole responsibility and authority of the court was to accept or reject the plea and, if accepted, to impose sentence. The trial court, however, proceeded with the hearing, after which it entered an order of not guilty and discharged Vinson. The State appealed, and the Second District reversed, agreeing with the State that the action of the trial judge in discharging Vinson was without authority of law and effectually a nullity, and therefore further prosecution was not precluded. State v. Vinson, 320 So.2d 50 (Fla. 2d DCA 1975). On review, we agreed with the district court that the trial court had no authority to enter a judgment of not guilty, and we explained in detail the nature of a plea of nolo contendere. Such a plea, we said, is merely a formal declaration that the accused will not contest the charges and is in the nature of a compromise between the State and the accused. As to Vinson's claim of double jeopardy, we concluded:

*356 [T]he decision of the trial court discharging the defendant was without authority or jurisdiction and is a nullity. The choices of the trial court under Rule 3.170 and the facts of this case were: (1) to accept the plea and enter judgment and sentence thereon or (2) to reject the plea, enter a plea of not guilty for the defendant after which the defendant would have a choice of entering a plea of guilty or not guilty and then proceeding with the trial.
345 So.2d at 717.
In the present case, the Second District correctly relied on Vinson in holding that double jeopardy did not bar further prosecution of Cox. Florida Rule of Criminal Procedure 3.170(g) provides: "The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged which is included in the offense charged in the indictment or information or to any lesser degree of the offense charged." (Emphasis supplied.) Here, the state attorney expressly objected to the acceptance of the plea, and therefore the trial court was without jurisdiction or authority under Rule 3.170(g) to accept the plea just as the trial court in Vinson was without authority to discharge the defendant. Therefore, since the trial court was without jurisdiction to accept the plea, jeopardy did not attach.
This case is not analogous to Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), on which Cox relies to support his contention that jeopardy attached. In Fong Foo, after seven days of trial and after three government witnesses testified and during the testimony of a fourth, the federal trial court directed the jury to return verdicts of acquittal as to all the defendants. It then entered a formal judgment of acquittal. The government sought mandamus in the Court of Appeals for the First Circuit, requesting that the acquittal be vacated and the case be reassigned for trial. Agreeing with the government's contentions, the federal appeals court granted its petition. In re United States, 286 F.2d 556 (1st Cir.1961). The Supreme Court, concluding that the trial court's action was based on either supposed improper conduct of the prosecutor or supposed lack of credibility of the prosecution's witnesses, or on both of these grounds, reversed the First Circuit. Pointing out that the defendants were tried under a valid indictment in a federal court which had jurisdiction over them and over the subject matter and that the trial did not terminate prior to the entry of judgment but terminated with the entry of a final judgment of acquittal, the Supreme Court held that the verdicts of acquittal were final and could not be reviewed without putting the defendants twice in jeopardy.
In the present case, however, in light of Rule 3.170(g), the trial court did not have the jurisdiction or authority without the consent of the prosecuting attorney to accept a plea of guilty to a lesser offense than charged. Vinson v. State. See also Duncan v. Tennessee, 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972), wherein the Supreme Court, after briefing and oral argument, dismissed a petition for writ of certiorari to review double jeopardy claims because the questions presented were so interrelated with rules of criminal pleading peculiar to Tennessee as not to warrant the exercise of its jurisdiction.
Accordingly, we approve the decision of the district court before us and disapprove the decision of the Fifth District in State v. Laury insofar as it is inconsistent with this decision and Vinson v. State.
It is so ordered.
ADKINS, Acting C.J., and BOYD and McDONALD, JJ., concur.
OVERTON, J., dissents.