GLICKSTEIN, Judge.
Ronald A. Mitchell was charged by information with battery on a school employee, contrary to sections 231.06(2) and 784.03(1), Florida Statutes. Initially he pleaded not guilty, but changed his plea to no contest to the charges. After hearing the factual basis of the charges and the victim’s testimony, and speaking with the defendant, the trial judge reduced the charge to a misdemeanor, over the state’s objection, saying that he could not see why a judge cannot reduce charges, in spite of the state’s objection, if a jury can do it.
The trial judge withheld adjudication on the charge of “battery upon school employee — lesser included offense of battery (misd.) 784.03,” and sentenced Mitchell to one year’s probation and to pay victim’s and court costs. The state appealed. We remand with direction to the trial court to amend the order being appealed to reflect the defendant’s plea to be to the charge contained in the information. Whether the penalty on remand is to be the same or different is to be determined by the trial judge.
Mitchell’s thirteen-year-old schoolboy son was misbehaving after school while waiting for the school bus and the assistant principal, Mr. Smith, made him pick up papers until the bus would arrive. The boy missed *64 the bus. The parents drove to school to find out what was going on. Mr. Smith said he didn’t know of a boy missing the school bus. The parents said they were afraid the boy might have run away.
When the parents arrived home they saw the boy walking up the driveway. He told them what happened. The three of them drove back to school and went to Mr. Smith’s office where Mitchell allegedly grabbed Smith by the throat with his right hand, grabbed, jerked, and held Smith’s tie, and called him a “fat son of a bitch.” A woman custodian saw what was going on and yelled for Mr. Temply to come to the office. Mitchell let go of Smith’s tie when his attention was diverted to Temply. Smith had told Mitchell that if he didn’t let go Smith would call the police and file charges against him.
The issue, restated, is whether the trial court lacked authority to accept defendant’s plea of no contest to a misdemeanor over the prosecutor’s objection when the charge in the information was that the defendant had committed a felony. We conclude that it did.
The state contends that under Florida Rule of Criminal Procedure 3.170(g) the court had no authority, sua sponte, to reduce the charge from a third degree felony under section 231.06(2) to a “lesser included offense” of simple battery, a misdemeanor, under section 784.03, Florida Statutes.[1]
It is clear that a plea to a lesser offense may be accepted only with the consent of the state attorney. In Cox v. State, 412 So.2d 354 (Fla.1982), the trial court allowed the criminal defendant to plead guilty to petit theft over the prosecutor’s objection, when he had already pleaded guilty to strong-armed robbery. The Supreme Court said the trial court lacked authority to accept the lesser plea when the state attorney expressly objected, because of the language of Florida Rule of Criminal Procedure 3.170(g), and held that because of the trial court’s lack of jurisdiction, jeopardy had not attached.
Although rule 3.170(g) refers specifically to a guilty plea to a lesser offense, we conclude the rule also applies to a no contest plea. A no contest plea is regarded as in the nature of a compromise between the state and the accused, under which the accused formally declares he will not contest the charges. Cox; Vinson v. State, 345 So.2d 711 (Fla.1977). There cannot be a compromise between the state and the accused if the state does not agree to it.
LETTS and DELL, JJ., concur.

. The state also asserts that the trial court’s order mistakenly indicates that battery on a school district employee on school property is a lesser included offense of simple battery.
We think the latter point of the prosecutor is nitpicking: the trial judge's writing is ambiguous, and he probably meant that he was accepting the no contest plea to the misdemeanor of simple battery as a lesser included offense of the crime charged. In light of the fact the state is correct on the main issue, this point is of no consequence.