COWART, Judge.
This is an appeal by the State from an order granting a defendant’s 3.850 motion for post-conviction relief.
In 1975 the defendant was charged with first degree murder (§ 782.04(l)(a), Fla. Stat. (1973)), attempted armed robbery (§§ 776.04 and 813.011, Fla.Stat. (1973)), and assault with attempt to commit a felony (§ 784.06, Fla.Stat. (1973)). In exchange for the State’s agreement not to seek the death penalty, defendant pled guilty and, after interrogation, the trial judge accepted the defendant’s guilty plea and sentenced the defendant to life imprisonment.
In 1984 the defendant filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 on several grounds, including that the guilty plea should be set aside because the trial judge did not explicitly determine that the defendant understood there was a twenty-five year mandatory minimum sentence on the first degree murder conviction.
Finding that the trial judge accepting the plea did not advise the defendant that the sentence for first degree murder was life imprisonment with a mandatory minimum of twenty-five years to be served before becoming eligible for parole, the trial court below granted the motion and vacated the sentence on the first degree murder charge.[1] The State appeals. We reverse.
At the time of the original plea and sentencing hearing held on July 7, 1975, Florida Rule of Criminal Procedure 3.170(j) provided in relevant part:
(j) Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court, with means of recording the proceedings stenographi-cally or by mechanical means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty.
In keeping with the applicable rules and practice in existence in 1975, the trial judge, who was very experienced in such matters, advised the defendant of the maximum penalties possible for each charge and, after an extensive plea interrogation of the defendant, found that the defendant’s plea was truly voluntarily and understandingly made with knowledge of its meaning and possible consequences.
Effective July 1, 1977, Florida Rule of Criminal Procedure 3.170(j) was deleted and expanded by Florida Rule of Criminal Procedure 3.172, which requires the trial judge to place the defendant under oath and determine that he understands:
(c)(i) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
The defendant was sentenced almost two years prior to the effective date of this amendment to the rule which requires the trial judge to swear the defendant and determine that he understands any mandatory minimum penalty provided by law. These later adopted rules have prospective effect only and do not serve to make the original plea taking erroneous. It appears that the adoption of Florida Rule of Criminal Procedure 3.172 was the result of decisions which stated that there was no requirement under Florida law that the de *489 fendant be advised of any mandatory minimum sentence. See Knowles v. State, 356 So.2d 885 (Fla. 3d DCA 1978) cert. denied, 361 So.2d 833 (Fla.1978); Gonzalez v. State, 300 So.2d 691 (Fla. 2d DCA 1974). In originally accepting the negotiated plea, the trial judge met the requirements of the law and rules in force and effect at that time, and his determinations and actions are presumptively correct and should not be held in error ten years later based on changes in law and procedure occurring in the meantime.
Accordingly, the order granting the defendant’s motion for post-conviction relief is
REVERSED.
UPCHURCH, C.J., and SHARP, J., concur.

. The trial court then proceeded to find a factual basis for a second degree murder conviction and purported to accept "the [July 7, 1975] plea as to that of second degree murder understanding that the maximum sentence for life as to that offense does not require a mandatory minimum sentence.” A trial judge does not have the authority, without the consent of the State, to accept a plea to a lesser degree of an offense than that charged. See Cox v. State, 412 So.2d 354 (Fla.1982); State v. Mitchell, 486 So.2d 63 (Fla. 4th DCA 1986).