509 So.2d 1360 (1987)
STATE of Florida, Appellant,
v.
Oliver McCLAIN, Appellee.
No. 86-3084.
District Court of Appeal of Florida, Second District.
July 22, 1987.
*1361 Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellee.
SCHOONOVER, Judge.
The State of Florida appeals the judgment and sentence entered by the trial court after the defendant, Oliver McClain, pled guilty to two counts of robbery. We find that the trial court erred when, without the consent of the state, it dismissed one of the charges filed against McClain and, on its own motion, amended the other charge.
McClain was originally charged by an information with two counts of robbery with a firearm. The state, pursuant to a plea bargain, nolle prossed one count of the information and removed the firearm allegation from the other count. The state also agreed that McClain would serve no more than ten years imprisonment on the remaining robbery charge. The court accepted the plea bargain and, after McClain pled guilty, sentenced him to serve nine years imprisonment. McClain's subsequent motion for postconviction relief was granted on the ground that the attorney who represented him at the plea taking proceeding was not a member of the Florida Bar, and the judgment and sentence were set aside.
The state then filed a new information charging McClain with the original two counts of robbery with a firearm. McClain pled guilty as charged to the new information, and a factual basis for both robberies was presented to the court. No new plea bargain had been discussed at that point in the proceedings. After having inquired concerning the terms of the original plea bargain, however, the court, without seeking the consent of the state, removed the firearm allegation from the first charge of robbery and sentenced the defendant to three years imprisonment on that charge. Although the court did not make any oral pronouncement concerning the second charge, the judgment and sentence subsequently entered indicate that the second charge was dismissed. The state objected to the sentence and filed a timely notice of appeal.
When the court set aside McClain's original plea, it was as if a plea had never been entered ab initio, Bell v. State, 262 So.2d 244 (Fla. 4th DCA), cert. denied, 265 So.2d 50 (Fla. 1972), and the state had the option of prosecuting the defendant on the original charges. Snell v. State, 388 So.2d 1353 (Fla. 5th DCA 1980). Once these charges were refiled, the defendant could only plead to lesser charges with the consent of the court and of the prosecuting attorney. Fla.R.Crim.P. 3.170(g). Since the prosecuting attorney did not consent to the court's amendment of the information by deleting the firearm from one charge and dismissing the other, the court did not have the jurisdiction or authority to take this action, Cox v. State, 412 So.2d 354 (Fla. 1982), and the state's objection to the sentence imposed as a result thereof was sufficient to preserve the question for appeal.
We, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and Remanded.
SCHEB, A.C.J., and THREADGILL, J., concur.