HALL, Judge.
The appellant, J.C., a child, contends the trial court erred when it entered a restitution order setting restitution at $1790, more than sixty days after it rendered its first order setting restitution at $0. We agree and reverse.
The trial court entered a final order on May 11, 1992, withholding adjudication and ordering J.C. to enter and successfully complete a citizen’s dispute settlement program. The final order also required J.C. to pay reasonable restitution, the amount of which was to be set within fifteen days. On June 2, 1992, approximately twenty-two days after entry of the final order, the trial court entered a restitution order setting J.C.’s restitution at $0.
On July 23, 1992, J.C. successfully completed the citizen’s dispute settlement program. Termination from the program was, thus, recommended. Upon discovery, however, that the court had previously entered an order requiring no restitution, despite great medical expense incurred by J.C.’s victim, a further hearing was held on August 19, 1992, to determine restitution. Thereafter, on August 24, 1992, the trial court entered a new order, requiring J.C. to pay restitution in the amount of $1790.
In State v. Sanderson, 625 So.2d 471 (Fla. 1993), the trial court ordered restitution as an original condition of probation. At a subsequent restitution hearing, however, the trial court declined to set an amount for restitution, finding it had lost jurisdiction to determine such after the expiration of sixty days. Upon review, the Florida Supreme Court reversed the trial court’s ruling, holding that “[i]f an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period” provided in rule 3.800(b), Florida Rules of Criminal Procedure. Id. at 473.
In the instant case, we are not faced with the issue contemplated by the supreme court in Sanderson, wherein restitution was ordered but the amount left open for later determination. Here, the trial court determined the amount of restitution, then, over sixty days later, attempted to modify it. Since the trial court had already set a restitution amount, we believe it was without jurisdiction to amend its previous restitution order. For that reason, we find the instant case falls outside of the exception to the sixty-day rule announced in Sanderson.
Based on the foregoing, we find the trial court was without jurisdiction to amend the order setting restitution at $0. Accordingly, this cause is reversed and remanded with directions consistent with this opinion.
THREADGILL and BLUE, JJ., concur.