CAMPBELL, Judge.
Appellant, C.W., maintains that the trial court was without jurisdiction to set his restitution amount at $608 on September 13, 1993, after having set it at zero on June 31, 1993, more than thirty days before. We agree and reverse the restitution award.
The record reveals as follows:
June 15, 1993 Court orders C.W. to pay reasonable restitution, the court to set the amount based on the HRS counsel- or’s recommendation, which was to be filed in fifteen days.
June 31, 1993 Restitution order entered, stating that HRS counselor had recommended zero restitution, and if no objections were filed within thirty days, C.W. “shall pay” zero restitution.
August 30, 1993 State files memorandum addressed to clerk’s office stating that restitution hearing is set for September 8, 1993, and requesting notices be sent.
September 13,1993 Court orders C.W. or parents to pay $608 in restitution.
Although both appellant and the state argue a great deal of law concerning the sixty-day limit for setting the amount of restitution, this case may be resolved much more easily. On June 15, 1993, the court ordered C.W. to pay a reasonable amount of restitution, the amount to be determined following reference to the HRS counselor’s recommendation. This is the “restitution order.” The amount of restitution was set by the June 31,1993 order which stated that the amount was to be zero unless someone objected within thirty days. Quite simply, since the state failed to object within the thirty-day limit, the court lost jurisdiction of the matter, and restitution was finally and permanently set at zero. See J.C. v. State, 632 So.2d 1092 (Fla. 2d DCA 1994). For this reason, the State v. Sanderson, 625 So.2d 471 (Fla.1993), exception to the sixty-day rule does not apply.
Although the state argues that C.W. waived the jurisdictional argument for failing to raise it below, it is axiomatic that failure to raise a jurisdictional issue is fundamental error and may be raised at any time. State v. Booker, 497 So.2d 957 (Fla. 1st DCA 1986); Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977).
Our disposition of this issue moots appellant’s other issues. We reverse and vacate the order of restitution.
RYDER, A.C.J., and THREADGILL, J., concur.