PER CURIAM.
The appellants, M.C. and E.C., children, challenge in this delinquency proceeding the trial court’s orders of restitution. We find that the trial court erred in ordering restitution more than sixty days after it had sentenced the appellants and, accordingly, reverse for the entry of orders denying restitution.
The appellants pled guilty to trespass of a motor home and on September 23, 1992, it appears that the trial court withheld adjudication and ordered the appellants to participate in the Juvenile Alternative Services Program (JASP). The appellants failed to complete the JASP program and on February 17, 1993, the trial court again withheld adjudication, ordered the appellants to participate in the JASP program, and reserved jurisdiction on the issue of restitution. On June 29,1993, the trial court entered restitution orders against the appellants and from those orders the appellants filed timely notices of appeal.
The appellants contend that the trial court erred in' entering restitution orders because it did not do so within sixty days of sentencing as required under Florida Rule of Criminal Procedure 3.800(b). Because of prior decisions of this court, we agree.
Florida Rule of Criminal Procedure 3.800(b) gives the trial court jurisdiction to modify a legal sentence within sixty days of imposition. McLaughlin v. State, 573 So.2d 419 (Fla.2d DCA 1991). Therefore, an order of restitution must be imposed at the time of sentencing or within sixty days thereafter. State v. Sanderson, 625 So.2d 471 (Fla.1993). Although the state argues that the rules of criminal procedure do not apply in juvenile eases, this court in J.C. v. State, 632 So.2d 1092 (Fla.2d DCA 1994), and C.W. v. State, 637 So.2d 28 (Fla.2d DCA 1994), applied the sixty day rule to juveniles. The trial court in the instant case did not order restitution until more than sixty days had elapsed from the time of both sentences. We, therefore, find that the trial court did not have jurisdiction to enter the restitution orders and, accordingly, reverse for the entry of orders denying restitution. However, since the supreme court in D.K.D. v. State, 470 So.2d 1387 (Fla.1985), found that there was no implied incorporation of the rules of criminal procedure into the rules of juvenile procedure, and this court applies the rules of criminal procedure in this specific instance involving juveniles, we certify as being of great public importance the following question:
MAY FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(b) BE APPLIED IN JUVENILE PROCEEDINGS?
Reversed.
SCHOONOVER, A.C.J., and ALTENBERND and BLUE, JJ., concur.