647 So.2d 964 (1994)
C.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01548.
District Court of Appeal of Florida, Second District.
December 7, 1994.
Robert E. Jagger, Public Defender, and Robert A. Miller, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
QUINCE, Judge.
C.B. appeals an order of restitution entered on April 6, 1994. We reverse the order since the trial court failed to order restitution or reserve jurisdiction to do so at the time of the disposition order.
On December 3, 1993, C.B. pled guilty to battery in violation of section 784.03, Florida Statutes (1991). Thereafter, on December 8, 1993, the court withheld adjudication and ordered the juvenile to enter and complete juvenile arbitration. The court did not order restitution or reserve jurisdiction to do so. Almost four months later, the court held a restitution hearing where it assessed $127.47 in restitution.
*965 Subsection 775.089(1)(a), Florida Statutes (1993), authorizes the trial court to order the defendant to make restitution to the victim for damage or loss caused by the defendant's offense. An order of restitution stating the amount or reserving jurisdiction to determine the amount at a later date should be entered at sentencing. See State v. Sanderson, 625 So.2d 471 (Fla. 1993). Here the trial court did not order restitution. When a court fails to order restitution at sentencing, any subsequent restitution order is invalid because the court lacks jurisdiction. C.W. v. State, 637 So.2d 28 (Fla. 2d DCA 1994); J.C. v. State, 632 So.2d 1092 (Fla. 2d DCA 1994).
Since the court did not order restitution at sentencing, it could not later modify the sentence to include restitution. We reverse and vacate the order of restitution. Our decision moots the appellant's other issue.
FRANK, C.J., and PATTERSON, J., concur.