PER CURIAM.
The appellant, W.F., challenges the second amended order of restitution entered in this case, and argues that the trial court did not have jurisdiction to enter this order several months after the time limit for objecting to the initial restitution order had expired. We agree and reverse.
At arraignment on January 12, 1993, appellant pled guilty to the petition for delinquency which alleged that he committed the offense of burglary of a dwelling. The trial court, in an order rendered February 10, 1993, set restitution in the amount of $50. The order stated that it would become final if no objections were filed within thirty days.
Although no written objection was filed, on April 26, 1993, the trial court rendered an amended order setting restitution at $764, an amount “recommended by the state attorney.” Appellant belatedly challenged the amended restitution order and, on October 19, 1993, a hearing was held on a motion for redetermination of restitution. The trial court subsequently rendered a second amended restitution order which set restitution at $1829.
Once the time limit for objections on the initial restitution order expired, the trial court had no jurisdiction to enter an amended restitution order. C.W. v. State, 637 So.2d *435 28 (Fla. 2d DCA 1994); J.C. v. State, 632 So.2d 1092 (Fla. 2d DCA 1994). Accordingly, we reverse and vacate the amended orders of restitution. We also instruct the trial court to set aside any adjudication for contempt of court based on appellant’s failure to comply with either of the two amended restitution orders.
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and PARKER and LAZZARA, JJ., concur.