666 So.2d 877 (1995)
STATE of Florida, Petitioner,
v.
M.C., et al., Respondents.
No. 84636.
Supreme Court of Florida.
July 20, 1995.
Rehearing Denied January 18, 1996.
Robert A. Butterworth, Atty. Gen.; Robert J. Krauss, Sr. Asst. Atty. Gen., Chief of Crim. Law and Kimberly D. Nolen, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and Robert D. Rosen, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for respondents.
GRIMES, Chief Justice.
We have for review the following question certified to be of great public importance:
MAY FLORIDA RULE OF CRIMINAL PROCEDURE 3.800(b) BE APPLIED IN JUVENILE PROCEEDINGS?
M.C. v. State, 644 So.2d 329, 330 (Fla. 2d DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
M.C. and E.C., juveniles, pled guilty to trespass of a motor home which they set on fire and destroyed. The motor home was uninsured and the loss suffered by the owner was estimated at $10,000. On September 23, 1992, the trial court withheld adjudication and ordered M.C. and E.C. to participate in the Juvenile Alternative Services Program (JASP). They failed to comply with the judge's order and on February 17, 1993, the trial court again withheld adjudication and again ordered the juveniles to participate in the JASP program. The judge reserved jurisdiction on the issue of restitution. On June 28, 1993, the trial court entered restitution orders against M.C. and E.C. and specified that they, along with a third perpetrator, were to make payments of $75 a month until restitution was paid in full.
On appeal, the Second District Court of Appeal reversed and held that the trial court erred in ordering restitution more than sixty days after sentencing in contradiction to Florida Rule of Criminal Procedure 3.800(b). However, because of this Court's decision in D.K.D. v. State, 470 So.2d 1387 (Fla. 1985), in which we held that there is no implied incorporation *878 of the rules of criminal procedure into the rules of juvenile procedure, the court certified the above-quoted question.
In D.K.D., the issue was whether Florida Rule of Juvenile Procedure 8.130(b)(2), providing for motions to dismiss in juvenile delinquency proceedings, incorporates the procedural remedies included in Florida Rule of Criminal Procedure 3.190(d), governing motions to dismiss in criminal cases. We held that it did not because the two sets of rules were intended to govern in different types of proceedings. The rule at issue in the instant case, criminal rule 3.800(b), provides that the trial court has authority to modify a legal sentence within sixty days of imposition of a criminal sentence. There is no corresponding juvenile rule pertaining to the modification of a sentence. In the absence of an appropriate juvenile rule, the district court of appeal in the case at bar applied the criminal rule.
As we reasoned in D.K.D., rules of criminal procedure and rules of juvenile procedure were designed and promulgated for different purposes. Therefore, we cannot say that even when the juvenile rules fail to address a particular procedure, a criminal rule should automatically apply.
Respondents argue, however, that regardless of whether a criminal rule may be automatically applied in the absence of a juvenile rule, principles of fairness and finality require that a sixty-day rule apply when modifying a juvenile's sentence. We agree. As this Court has previously stated, a criminal defendant "at some point must be entitled to rely on the finality of the court's action." Goene v. State, 577 So.2d 1306, 1307 (Fla. 1991). While a juvenile in Florida is not considered to be a criminal defendant, we believe that juveniles should be accorded the same basic rights to finality and certainty in sentencing as adults tried as criminals. Therefore, we hold that any modification to a juvenile's sentence, including the imposition of restitution, should occur within sixty days of sentencing.
Further, it is the general rule in Florida that a trial court may not modify, amend, or vacate an order of final judgment except as provided by rule or statute. Kippy Corp. v. Colburn, 177 So.2d 193 (Fla. 1965). Hence, criminal rule 3.800(b) grants the trial court an extension of sixty days to modify a legal sentence where the trial court might otherwise have no authority to modify a sentence once it was imposed. Considering that there is no juvenile rule pertaining to modification of sentences, and given the alternative, we do not find it unreasonable to find that criminal rule 3.800(b) should apply to juvenile cases.[1]
Accordingly, we answer the certified question in the affirmative and approve the decision of the court below.
It is so ordered.
OVERTON, KOGAN, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion.
SHAW, J., concurs in result only.
ANSTEAD, Justice, specially concurring.
Although I agree with the result reached in the majority opinion, I would prefer a procedure whereby restitution would either be determined and ordered in the original imposition of sanctions, or the trial court could expressly reserve jurisdiction in the original judgment to impose restitution at a later time. We have simply failed, prior to this decision, to make the sixty-day period provided in the criminal rules applicable to juvenile proceedings.
NOTES
[1] The State's reliance on section 39.054(1) and (3), Florida Statutes (1993), is misplaced. Rather than being a modification, the subject order imposed restitution for the first time. See Clark v. State, 579 So.2d 109 (Fla. 1991).