DANAHY, Acting Chief Judge.
The appellant challenges the sentencing court’s jurisdiction to modify a restitution order more than sixty days after the original restitution order was entered. We agree with the appellant that State v. M.C., 666 So.2d 877 (Fla.1995), and J.C. v. State, 632 So.2d 1092 (Fla. 2d DCA 1994), control. Accordingly, we reverse.
The appellant pleaded guilty to burglarizing a neighborhood garage and stealing three bikes belonging to three different families. He was adjudicated delinquent and committed to the Department of Health & Rehabilitative Services. In December 1993 a restitution hearing was held and the sentencing court timely ordered the appellant to pay $200 to one family for their bike. After various proceedings dealing with notice of hearings not relevant to our disposition, a subsequent restitution order was entered in July 1995 in favor of the second family for $459.60 for their bike. It is this second restitution amount about which the appellant complains.
In State v. M.C., the Florida Supreme Court held that the Rules of Criminal Procedure should be applicable to juvenile proceedings on the issue of modifying restitution orders. To that end the Court mandated that rule 3.800(b) should apply to juvenile cases so that the sentencing court has sixty days to modify a sentence once it is imposed. In the instant case the sentencing court imposed a legal restitution order in December *1014 1993. It could only modify that order within sixty days of its filing.[1] Once that sixty-day period ended with the amount set, the sentencing court was without further jurisdiction to change it. Therefore, the sentencing court erred in attempting to increase the amount of restitution in July 1995.
Reversed.
FRANK and BLUE, JJ., concur.

. We do not deal in this case with the issue of the sentencing court imposing an original order of restitution but reserving jurisdiction to set the amount at a later time, even beyond the sixty-day period. See State v. Sanderson, 625 So.2d 471 (Fla.1993).