GROSS, J.
In this case, the state appeals a sentence imposed by the trial judge. Since the state did not consent on the record to a reduction in charge at the sentencing hearing, we hold that the trial judge was without jurisdiction to sentence the defendant for petit theft, a lesser included offense of robbery, the crime to which the defendant had pled no contest.
Sixteen-year-old Hector Vesquez was charged by information with robbery, a second degree felony, for using force to take a bicycle from a twelve-year-old victim. At a plea conference on March 19, 1998, Vesquez entered a no contest plea to the robbery charge; he signed a written plea form memorializing this plea and initialed the rights he was waiving by pleading no contest. The trial judge conducted a plea conference which comported with Florida Rule of Criminal Procedure 3.172. The court accepted the plea of no contest to robbery and ordered a presentence investigation (“PSI”). See § 985.233(2), Fla. Stat. (1997); Fla.R.Crim.P. 3.710. At the end of the plea conference, the sheriff took Vesquez into custody.
On May 7, 1998, the sentencing hearing occurred. The court noted that both the defense and the state had had an opportunity to review the PSI. Defense counsel urged the court to adopt the recommendation in the PSI and impose juvenile sanctions. The prosecutor who covered the sentencing hearing adopted the recommendation of the assistant state attorney who had appeared at the plea conference. The judge addressed the defendant and asked him what he had learned from his confinement since the plea conference. Vesquez replied:
I know I did wrong and I deserve to be there but I learned if I had my chance, I know I would do right and I wouldn’t end up back here. Actually, I learned. I go to school. I learned a lot from .a lot of courses I never took in my regular school.
The Court: You have been going to school in the Sheriffs custody?
The Defendant: Yes, sir.
The Court: That’s a really good thing to help a person. You want to go back to school when you get out?
The Defendant: Yes.
After hearing from the defendant’s mother, the court told Vesquez:
I hope you are touched at your mother’s love and your mother’s pain that you have been locked up here, Mr. Vesquez. I mean I’m going to give you a break. I’m finding you guilty of the reduced-lesser, petty theft. I’m giving you time served. If you get in trouble again, you may get placed on probation and supervision. I’m giving you the opportunity to get out of jail, go back to your mother, stay out of trouble, stay away from the law, then you can live happily with her and go to school or go to work, whichever you choose to do. You won’t have any probation officers chasing after you. But you will have a theft conviction on your record.
The court entered a judgment adjudicating the defendant guilty of petit theft. There had been no discussion of such a sentence prior to the judge imposing it. There was no mention of the defendant withdrawing his previously entered plea to the robbery charge. The state did not voice an objection to the disposition of the *676 case at the May 7, 1998 sentencing hearing. On May 22, 1998, the state filed a notice of appeal.
Two procedural errors occurred at the sentencing hearing. First, the court adjudged the defendant guilty of a crime to which he had not entered a plea. Second, the court unilaterally reduced the charges by sentencing the defendant for petit theft, instead of robbery, the crime to which the defendant had pled.
What happened at the sentencing hearing was tantamount to allowing the defendant to withdraw his previously entered plea to the robbery and enter a plea to a lesser included offense. It is clear that the state must consent to such a reduction in charges. Florida Rule of Criminal Procedure 3.170(f) provides in pertinent part:
The court may in its discretion, and on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and ... with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty....
Florida Rule of Criminal Procedure 3.170(h) provides:
The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged that is included in the offense charged in the indictment or information or to any lesser degree of the offense charged.
In Cox v. State, 412 So.2d 354 (Fla.1982), the supreme court held that a trial court exceeds its jurisdiction when it accepts a plea to a lesser included offense without the consent of the prosecuting attorney.
The defendant in Cox entered a plea to strong-armed robbery; the court accepted the plea and withheld adjudication pending a presentence investigation report. When the defendant appeared before the court twelve days later, he was permitted to withdraw his guilty plea and was allowed, over the state’s objection, to plead guilty to petit theft. The supreme court cited to the identically worded predecessor of Rule 3.170(h), and held that where the state attorney “expressly objected to the acceptance of the plea,” the trial court “was without jurisdiction or authority ... to accept the plea,” so double jeopardy did not attach. Cox, 412 So.2d at 356; see State v. Warner, 721 So.2d 767 (Fla. 4th DCA 1998), review granted, Table No. 94,-842, 732 So.2d 328 (Fla. May 4, 1999); State v. McClain, 509 So.2d 1360 (Fla. 2d DCA 1987); State v. Mitchell, 486 So.2d 63 (Fla. 4th DCA 1986).
Under the case law, the consent of the prosecutor is necessary for a court to accept a plea to a lesser offense than that charged in an information. If a court acts without consent, it acts in excess of its jurisdiction, contrary to a rule of criminal procedure. Jurisdiction in this context refers to a court’s power to impose a sentence. Even the stipulation of the parties cannot enlarge the power and authority of the trial court set forth in the rules of criminal procedure. See Thompson v. Crawford, 479 So.2d 169, 182 (Fla. 3d DCA 1985).
Since the consent of the prosecutor is a necessary prerequisite for the court to accept a plea to a lesser offense, we do not believe that such consent can be implied by the state’s silence at the sentencing hearing. The consent contemplated by the rule is an on-the-record acquiescence to the reduction in charges.
We recognize that in Cox the prosecutor “expressly objected” to the plea to reduced charges. 412 So.2d at 356. That case did not address the issue presented here. Rule 3.170(h) requires the “consent” of the prosecuting attorney to validate the reduced plea; the language of the rule does not authorize such a plea merely in the absence of an objection.
Vesquez argues that the state failed to preserve its objection to the judge’s unilat *677 eral reduction of the. crime charged. Chapter 924, Florida Statutes (1997), delineates the right of the state and the defendant to appeal in criminal cases. See §§ 924.02, 924.05, Fla. Stat. (1997). Section 924.051(3), Florida Statutes (1997), which is applicable to both the state and the defense, provides:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
Preservation under the statute requires that an issue or legal argument be “timely raised before, and ruled on by, the trial court ....” § 924.051(l)(b), Fla. Stat. (1997).
The requirement of preservation does not apply to fundamental errors. Under Cox, the two procedural errors that occurred in this case meant that the court lacked the jurisdiction to impose the sentence that it did. Where a court lacks the jurisdiction to take the action under attack on appeal, the case is one involving fundamental error, so that no objection is required in the trial court. See Wright v. Scott, 658 So.2d 1215 (Fla. 1st DCA 1995); C.W. v. State, 637 So.2d 28 (Fla. 2d DCA 1994); Young v. State, 438 So.2d 998 (Fla. 2d DCA 1983).
REVERSED.
STONE, C.J., and WARNER, J., concur.