901 So.2d 922 (2005)
Sanford Paul BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4556.
District Court of Appeal of Florida, Second District.
April 22, 2005.
*923 Sanford Paul Butler, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg and Susan M. Shanahan, Assistant Attorneys General, Tampa, for Appellee.
NORTHCUTT, Judge.
Sanford Paul Butler appeals the summary denial of his motion to vacate restitution orders in five cases, asserting that the trial court lacked jurisdiction because it failed to enter restitution orders within a self-imposed deadline. We affirm.
In 2001, Butler pleaded no contest to multiple counts of burglary and grand theft in five separate cases. He was adjudicated guilty and sentenced to concurrent terms of eighteen years in prison. He was also ordered to pay restitution. Butler's convictions and sentences were affirmed on direct appeal. Butler v. State, 826 So.2d 293 (Fla. 2d DCA 2002) (table decision).
In 2002, Butler filed a motion to vacate the restitution orders. Butler claimed that at sentencing, the court had not ordered restitution but had only reserved jurisdiction for thirty days to do so. Because the restitution orders were entered more than thirty days after sentencing, Butler claimed that the court lost jurisdiction. According to the sentencing documents and a partial transcript attached to Butler's motion, the court reserved jurisdiction for thirty days to determine restitution. The sentences listed the victim's names and addresses for each offense, and it ordered all monetary obligations except restitution to run concurrently to the first case. The restitution orders were entered fifty-five days after sentencing, and each order stated as follows: "The Defendant in the foregoing cause having been ordered to pay restitution to [a specified victim], and the State Attorney having been advised by Counsel for the Defendant there is no objection to the amount ..., it is thereupon ORDERED that the Defendant Sanford Butler pay" a specified amount of restitution. Butler's motion to vacate the restitution orders was summarily denied.
*924 Under Florida Rule of Criminal Procedure 3.800(c), formerly rule 3.800(b), a legal sentence may be reduced or modified within sixty days after that sentence has been imposed. Referencing this rule, the supreme court has held that "an order of restitution must be imposed at the time of sentencing or within sixty days thereafter." State v. Sanderson, 625 So.2d 471, 473 (Fla.1993).
Butler relies on C.W. v. State, 637 So.2d 28 (Fla. 2d DCA 1994), to support his contention that the circuit court lacked jurisdiction to order restitution when it exceeded a self-imposed time limit of thirty days. But in C.W., the circuit court set restitution at zero and provided thirty days for the State to object. This court held that "since the state failed to object within the thirty-day limit, the court lost jurisdiction of the matter, and restitution was finally and permanently set at zero." 637 So.2d at 29. C.W. is distinguishable because in this case, the court reserved jurisdiction to order restitution and entered restitution orders fifty-five days after sentencing. These orders were entered within the sixty-day jurisdictional period. Accordingly, we do not find Butler's claim to be well-taken, and we affirm the court's summary denial of Butler's motion.
But in reviewing this case, we have noticed that the restitution orders were apparently entered after the notice of appeal was filed. "A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount." Pearson v. State, 686 So.2d 721, 721 (Fla. 2d DCA 1997). Therefore, our affirmance is without prejudice to any right Butler may have to collaterally attack the restitution orders on this basis. See Strayer v. State, 676 So.2d 77 (Fla. 2d DCA 1996) (stating that a prisoner may collaterally attack a restitution order that was entered while the trial court lacked jurisdiction). If he does, the circuit court must determine whether the stipulation as to the amount was valid and thus remains binding on Butler. See M.H. v. State, 614 So.2d 657 (Fla. 2d DCA 1993).
Affirmed.
STRINGER, J., and DANAHY, PAUL W., Senior Judge, Concur.