951 So.2d 38 (2007)
Sanford Paul BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3924.
District Court of Appeal of Florida, Second District.
March 2, 2007.
*39 LaROSE, Judge.
Sanford Paul Butler appeals the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the postconviction court's denial of claims one and two without comment. We reverse the denial of claim three, vacate the restitution orders, and remand for further proceedings.
Mr. Butler pleaded no contest to multiple charges in five separate cases. The trial court sentenced Mr. Butler to eighteen years in prison and ordered restitution in amounts to be determined at a later date. Before the trial court could set the restitution amounts, Mr. Butler filed a notice of appeal. Shortly thereafter, the State wrote to Mr. Butler's counsel and proposed restitution amounts. Mr. Butler's counsel did not object. Consequently, during the pendency of Mr. Butler's direct appeal, the trial court entered the State's proposed restitution orders.
Subsequently, Mr. Butler moved to vacate the restitution orders, arguing that the trial court failed to enter them in a timely manner. We affirmed the denial of that motion. In doing so, we observed that the trial court entered the restitution orders while Mr. Butler's direct appeal was pending. See Butler v. State, 901 So.2d 922, 924 (Fla. 2d DCA 2005). "A trial court does not have jurisdiction to hold a restitution hearing or enter an order of restitution after a notice of appeal has been filed, even though the trial court may have previously ordered restitution and reserved jurisdiction only as to the amount." Pearson v. State, 686 So.2d 721, 721 (Fla. 2d DCA 1997). Thus, our affirmance in Butler was without prejudice to any right Mr. Butler "may have to collaterally attack the restitution orders" on the basis that the trial court lacked jurisdiction. Butler, 901 So.2d at 924.
Presumably responding to our invitation, Mr. Butler filed a rule 3.800(a) motion claiming that the trial court lacked jurisdiction to enter the restitution orders. The postconviction court denied the motion, concluding that the requested relief was unavailable under rule 3.800(a). However, our decision in Butler contemplated exactly such an avenue of relief by relying on Strayer v. State, 676 So.2d 77 (Fla. 2d DCA 1996), a case that reversed a summary denial of a rule 3.800(a) motion contesting a restitution order. See Butler, 901 So.2d at 924. Moreover, given the posture of Mr. Butler's direct appeal, we cannot conclude that our decision in Butler contemplated a motion under Florida Rule of Criminal Procedure 3.850. We affirmed *40 Mr. Butler's convictions and sentences in 2002. Thus, when Butler issued, the two-year filing window under rule 3.850 had closed. Because of our decision in Butler, we reverse the postconviction court's denial of the rule 3.800(a) motion. Further, because the trial court lacked jurisdiction to enter the restitution orders, we direct the postconviction court to vacate those orders.
While the trial court had previously reserved jurisdiction to enter restitution orders, that jurisdiction was temporarily suspended during the appeal of his convictions and sentences. See Butler, 901 So.2d at 924. Accordingly, on remand, the postconviction court may reconsider the imposition of restitution amounts against Mr. Butler. See Harth v. State, 694 So.2d 841 (Fla. 2d DCA 1997).
Affirmed in part, reversed in part, and remanded.
STRINGER and WALLACE, JJ., Concur.