PER CURIAM.
The state seeks review of the trial court’s order holding that it lacked jurisdiction to consider the state’s request for a restitution hearing in a juvenile delinquency case. We are unable to determine from the disposition order and the comments of the trial judge (who was a different judge from the one who entered the order on appeal) whether, at the disposition hearing, the trial judge intended to award Occidental Insurance Company restitution in an amount to be determined at a later date, or whether he intended to deny the request for restitution subject to the state’s right within 60 days to again seek restitution on behalf of Occidental. If the former is the case, the trial court may proceed with a hearing to determine the amount of restitution to which Occidental is entitled. See Gladfelter v. State, 618 So.2d 1364 (Fla.1993); State v. Sanderson, 625 So.2d 471 (Fla.1993); L.O. v. State, 718 So.2d 155 (Fla.1998). If, however, the lat *1269 ter is the case, the trial court is without jurisdiction to proceed with a restitution hearing because no request was made within the 60-day period set in the disposition order. See C.W. v. State, 637 So.2d 28 (Fla. 2d DCA 1994); Butler v. State, 901 So.2d 922 (Fla. 2d DCA 2005). Accordingly, we reverse the trial court’s order. On remand, the trial court shall clarify its intent regarding Occidental’s restitution claim, and then proceed as outlined in this opinion.
REVERSED and REMANDED, with directions.
WEBSTER, DAVIS, and VAN NORTWICK, JJ., concur.