# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1432
LT Case No. 2022-CF-001314-A

_____

JOSHUA VINING,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Marion County.
Peter M. Brigham, Judge.

Olivia M. Goodman, of O'Brien Hatfield, P.A., Tampa, for
Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kaylee D.
Tatman, Assistant Attorney General, Daytona Beach, for
Appellee.

August 1, 2025

EDWARDS, J.

 The saying that God watches over children and fools is of no
solace to those affected by the tragedy that unfolded in this case.
Appellant, Joshua Vining, and the victim, Christopher Broad,
were seventeen (17) and sixteen (16) years old, respectively, at the
time. They along with their friends, Colton Whitler and Evan

Vowell, were bored. They foolishly decided that April 3, 2022, would be the perfect opportunity to take turns shooting one another at close range with a 9 mm pistol to verify the level of protection provided by a ballistic or "bullet-proof" vest. Evan Vowell foolishly video-recorded these shootings on SnapChat.[1] According to one of the teens, this wasn't the first time they shot at each other while wearing a vest.

As agreed upon between them, Christopher fired one shot at Appellant; the vest stopped the bullet. It was now Appellant's turn to shoot at Christopher; both agreed to that. Somebody suggested shooting two bullets at Christopher, but he protested and agreed to only one. Appellant aimed and pulled the trigger; the vest stopped the bullet. However, when Christopher thereafter nodded his head, Appellant decided to blaze away at Christopher, firing four (4) shots. Apparently, Appellant's aim was off, he missed the vest with at least one shot, fatally wounding Christopher. Police arrived at the scene. Appellant and Whitler initially lied to the police about what happened, claiming that two other teens were responsible. Ultimately, Appellant was charged as an adult with manslaughter with a firearm.

Several weeks later, on April 27, 2022, apparently unrelated to Christopher's death, police responded to an area where numerous shots had been fired in an apparent drive-by shooting. Witnesses described that occupants of a white car had fired shots at a nearby residence. Later that day, police observed a white car, driven by Jarret Vining, Appellant's nineteen-year-old brother, committing traffic violations. When police pulled the car over, they found Jarret Vining had a rifle between his legs. A .357 caliber revolver was recovered from the floorboard near the front passenger—Colton Whitler. A teenager sitting behind the driver had a 9 mm pistol at his feet. Police located a .380 caliber pistol on the floorboard where Appellant had been sitting in the car.

---

[1] Appellant told police that the 9 mm pistol belonged to his father who left it for Appellant's protection. The father denied that claim. When executing a search warrant at Appellant's home, police found two 9 mm pistols in a laundry basket, one of which looked like the one used to kill Christopher.

Appellant was charged as an adult with possession of a concealed weapon.

Appellant pled guilty to both charges, was adjudicated guilty, and sentenced. He now seeks review of the sentences imposed by the trial court and the order requiring him to pay the amount of $1,069 as restitution to the Crimes Compensation Trust Fund.

We affirm Appellant's sentence of 25 years' incarceration for manslaughter by firearm for killing Christopher Broad. We also affirm the 5 years' prison sentence, to be served concurrently, that he received for carrying a concealed weapon. We also affirm the 5 years' probation Appellant must serve upon his release from prison. Appellant claims that he should have received, as requested below, a downward departure sentence and should have been sentenced as a youthful offender. We find that the trial court conducted the proceedings in a proper manner and gave due consideration to the evidence and arguments presented. We hold that the trial court neither erred nor abused its discretion in denying those requests.[2] There is no need for further discussion.

However, we agree with Appellant's argument and accept the State's concession that we must reverse the order of restitution, as it was rendered after Appellant filed his notice of appeal. The law is clear that a trial court does not have jurisdiction to conduct a restitution hearing or enter a restitution order after a notice of direct appeal has been filed, even if the trial court had already ordered restitution and specifically reserved jurisdiction to later determine the amount, as was done here. *See Pearson v. State*, 686 So. 2d 721, 721 (Fla. 2d DCA 1997); *Butler v. State*, 951 So. 2d 38, 40 (Fla. 2d DCA 2007); *Schweickert v. State*, 384 So. 3d 313, 314 (Fla. 5th DCA 2024). Accordingly, we quash the restitution order and remand for the trial court to conduct another restitution hearing and to thereafter enter a restitution order.

---

[2] Apparently, Appellant's father's suggestion during sentencing that this "was just boys doing stupid things," was not a compelling argument.

AFFIRMED, IN PART; REVERSED, IN PART.

SOUD and BOATWRIGHT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____